485 F.2d 31
 Jean Ann CHAMBERLAIN, Administratrix of the Estate of John
L. Chamberlain, Deceased, Appellant in No. 72-1636,
v.
CARBORUNDUM COMPANY, a corporation
v.
BERWIND RAILWAY SERVICE COMPANY, a corporation, Appellant in
 No. 72-1637.
 Nos. 72-1636, 72-1637.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) July 2, 1973.
Resubmitted Under Third Circuit Rule 12(6) September 7, 1973.
Decided Sept. 19, 1973.
 
 John E. Evans, Jr., Evans, Ivory & Evans, Pittsburgh, Pa., for Chamberlain.
 Charles E. Evans, Dickie, McCamey & Chilcote, John R. McGinley, Jr., Grogan, Graffam & McGinley, Pittsburgh, Pa., for Berwind Railway Service Co.
 Kim Darragh, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for Carborundum Co.
 Before ADAMS, GIBBONS and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 In this diversity wrongful death case Pennsylvania law governs. Plaintiff's decedent, John Chamberlain, was killed when an abrasive wheel on a grinder he was using in the course of his employment shattered. A fragment pierced his abdomen. Plaintiff, Chamberlain's administratrix, sued the manufacturer, Carborundum Company, under the Pennsylvania Wrongful Death and Survival Statutes, asserting strict liability. See Restatement (Second) of Torts Sec. 402A (1965); Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966). Carborundum joined as a third-party defendant Berwind Railway Service Company, Chamberlain's employer, seeking contribution from Berwind as a joint tortfeasor because of Berwind's negligence in failing to provide a guard on its grinding wheel. The case was submitted to the jury on special interrogatories which were answered as follows:
 
 
 2
 "1. Was the accident . . . caused by a dangerously defective condition of the grinding wheel . .?
 
 YES
 
 3
 2. Was that defective condition in existence when the wheel was sold by the Carborundum Company?
 
 YES
 
 4
 3. Was there any negligence on the part of the Berwind Railway Service Co., Mr. Chamberlain's employer, which was a proximate cause of his injuries? . . ."
 
 YES
 
 5
 The jury found damages sustained by the decedent's estate and his surviving family totaling $103,100. The district court entered judgment on the jury verdict as follows:
 
 
 6
 "It is Ordered, Adjudged and Decreed:
 
 
 7
 That judgment be entered in favor of the plaintiff Jean Ann Chamberlain, Administratrix of the Estate of John L. Chamberlain, deceased, and against the defendant and third-party plaintiff, The Carborundum Company, in the amount of $103,100.00, less the amount of payments to date made by the third-party defendant Berwind Railway Service Company under the Pennsylvania Workmen's Compensation Laws, together with costs; and
 
 
 8
 That judgment be entered in favor of the third-party plaintiff, The Carborundum Company, and against the third-party defendant, Berwind Railway Service Company, in an amount not to exceed a sum of $51,550.00, less the amount of payments made to date by the third-party defendant Berwind Railway Service Company, under the Pennsylvania Workmen's Compensation Laws, and limited further to an amount not greater than the liability of third-party defendant Berwind Railway Service Company for future payments under the Pennsylvania Workmen's Compensation Laws, together with costs."
 
 
 9
 As between Carborundum and Berwind the effect of the judgment was to enforce in favor of Carborundum a duty of contribution by Berwind, to the extent of one half the damages, but limited to the amount of Berwind's liability for workmen's compensation. As between the plaintiff and the defendants, although the language of the judgment is not entirely clear, the intended effect was to reduce the total recovery by the amount of Berwind's workmen's compensation liability. See Pa.Stat.Ann. tit. 77, Sec. 671 which provides for subrogation by an employer against an employee's claim against a third party. Thus the net effect is to eliminate Berwind's subrogation lien on the judgment against Carborundum by one half of that judgment. The Berwind workmen's compensation liability apparently exceeds one half of the judgment.
 
 
 10
 After the entry of judgment both the plaintiff and Berwind moved to amend the judgment, contending that between a manufacturer liable on a strict liability theory and an employer liable for negligence there is no right of contribution. The district court denied these motions, and both the plaintiff and Berwind appeal. In its opinion denying the motions the district court said:
 
 
 11
 "This court concludes that Carborundum and Berwind are joint tortfeasors in pari delicto whose derelictions concurred in producing the single result about which the plaintiff complains, the former under the duty to the plaintiff imposed by Sec. 402(a), supra, and the latter by virtue of the duty incurred through the Pennsylvania Department of Labor and Industry Safety Regulations, supra, [respecting guards on grinding wheels]. Comtribution between them is, therefore, appropriate."
 
 
 12
 The appellants contend that this ruling misapplied the governing Pennsylvania law. The only authorities discussing that law to which they refer us, however, are opinions not of a Pennsylvania court, but of the United States District Court for the Middle and Western Districts of Pennsylvania. Walters v. Hiab Hydraulics, Inc., 356 F.Supp. 1000 (M.D.Pa. 1973). Fenton v. McCrory Corporation, 47 F.R.D. 260 (W.D.Pa.1969). In Fenton the plaintiff sued a manufacturer of a safety-tipped arrow both on a strict liability theory and for negligence. The manufacturer joined as a third-party defendant the allegedly negligent user of the arrow, who had actually drawn the bow. When the plaintiff announced at the outset of the case that he was pressing only the Sec. 402A theory of liability, the district court dismissed the third-party complaint, saying:
 
 
 13
 "We did so because we believe that there is no right of contribution between a party whose liability is imposed under the strict liability rule of Sec. 402A, Restatement of Torts, 2d., and a party whose liability is based on negligence or want of due care. Strict liability is imposed regardless of the exercise of due care by the person sought to be charged; contribution exists between tort-feasors both of whom are charged with a want of due care proximately causing the accident. The history of the development of the doctrine of the right of contribution between joint tort-feasors in Pennsylvania, beginning with the judicial declaration of such right in derogation of the common-law of no contribution and the adoption and subsequent interpretation of the Uniform Contribution Among Joint Tort Feasors Act, 12 P.S. Sec. 2082 et seq., indicates to us that no such right exists between those whose liability is imposed under different grounds. See Cage v. New York Central R. R. Co., D.C., 276 F.Supp. 778, affd. per curiam 386 F.2d 998 [3 Cir. 1967]. There is no authority in Pennsylvania on this point, and as far as we can determine no judicial construction or commentary elsewhere. . . ." Id. at 262.
 
 
 14
 Thus, two judges in the same district court have reached different conclusions on the question whether the Pennsylvania courts would require contribution between tortfeasors, one of whom is liable on a Sec. 402A theory and the other on a negligence theory. Judge Muir in Walters v. Hiab Hydraulics, Inc., supra, sides with the opinion of the district court in this case. Neither their research nor ours nor that of the parties has brought to light any Pennsylvania authority on the question.[1] We must, therefore, add to that of the district court judges our own speculation as to what the highest court in the Common-wealth might decide. In doing so, we are mindful that our speculation is superior to that of either district court judge only because, compared to his, it is final.
 
 
 15
 We can set to one side any consideration of the effect of the Pennsylvania Workmen's Compensation Act. It is established in Pennsylvania that a third-party tortfeasor has a right to contribution from a negligent employer, but that the employer's duty to contribute does not exceed his liability under the workmen's compensation statute. E. g., Brown v. Dickey, 397 Pa. 454, 155 A.2d 836 (1959); Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (1940).[2] We can also set to one side cases in which a manufacturer, found liable to an injured plaintiff on a Sec. 402A theory, has also been found to have breached a warranty to a puchaser of fitness for use. E. g., Greco v. Bucciconi Engineering Co., 407 F.2d 87 (3d Cir. 1969). The Greco case discusses the manufacturer's duty to indemnify an intermediate seller, which had never handled the product, held liable to the plaintiff on a Sec. 402A theory only because he was such a seller. While both the manufacturer and the intermediate seller were strictly liable, clearly they were not in pari delicto. The machine was never in the control of the intermediate seller. There was no bar to its recovery against the manufacturer on an indemnity theory, and no reason for requiring contribution from him.
 
 
 16
 Carborundum and Berwind, however, are in pari delicto. If the grinding wheel had not left Carborundum's hands in a defective condition, despite the absence of a guard, the decedent would not have been injured. If Berwind had installed a guard, as the Pennsylvania regulations required despite the defective grinding wheel, the decedent would not have been injured. That in Carborundum's case the law imposes an absolute duty of care to manufacture a nondefective product, while in Berwind's case the law imposes only the standard of reasonable care seems to us quite irrelevant. Relevant is the conjunction of defective performance of both duties, which produced the accident.
 
 
 17
 "The theory is that as between the two tort-feasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done." Puller v. Puller, 380 Pa. 219, 221, 110 A.2d 175, 177 (1955).
 
 
 18
 The argument against allowing a Sec. 402A tortfeasor to recover contribution proceeds upon the assumption that manufacturers' strict liability to injured users of defective products is more in the nature of a contractual warranty than of classic tort liability, and that manufacturers should therefore be treated as indemnitors even in favor of others whose tortious conduct contributed to the accident. To reach this conclusion we would have to read the Pennsylvania cases adopting Sec. 402A liability not only as eliminating the necessity for proof of manufacturer's negligence or contractual privity, but also of adopting a major shift in the burden of reparations in product personal injury cases by relieving negligent third parties of the burden of making contribution. We have discovered no indication that this result was intended.
 
 
 19
 We conclude that the Pennsylvania courts would, as the district court in this case concluded, enforce the manufacturer's right to contribution from a negligent purchaser or user, employer or otherwise, even though Carborundum's liability was based upon Restatement (Second) of Torts Sec. 402A (1965) and the liability of Berwind on ordinary negligence.[3]
 
 
 20
 The judgment of the district court will be affirmed.
 
 
 
 [1]
 The appellants refer us to Mixter v. Mack Trucks, Inc. v. Montgomery Ward & Co., Inc., Pa.Super. No. 91, June 14, 1973. It is not in point
 
 
 [2]
 Cf. O'Neill v. United States, 450 F.2d 1012, 1016-1017 (3d Cir. 1971)
 
 
 [3]
 Our disposition makes it unnecessary to consider whether the plaintiff has any standing to object to the judgment awarding contribution in favor of Carborundum in view of Pa.Stat.Ann. tit. 77, Sec. 671