Edward RABATIN

v.

**COLUMBUS LINES, INC. and Union Carbide Corporation.**

**Appeal of COLUMBUS LINES, INC.**

**No. 85–1471.**

United States Court of Appeals, Third Circuit.

Argued April 15, 1986.

Decided May 2, 1986.

---

1. Chung Pei appeared in the district court, but did not appear on this appeal though it was served with a notice of it.

John T. Biezup, Michael D. Brophy, (Argued), Richard Q. Whelan, Palmer, Biezup & Henderson, Philadelphia, Pa., for appellant, Columbus Lines, Inc.

Jeremy D. Mishkin, (Argued), Suzanne M. Hanlon, Bruce C. Johnson, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellee, Union Carbide Corp.

Before: ADAMS, GIBBONS, and HUNTER, Circuit Judges.

### OPINION OF THE COURT

GIBBONS, Circuit Judge:

Columbus Lines, Inc. (Columbus) appeals from a final judgment entered after a jury verdict in favor of the plaintiff, Edward Rabatin, and against both Columbus and Union Carbide Corporation (Union Carbide). Rabatin sued Columbus and Union Carbide to recover damages for the injuries he sustained while working as a cooper at the Packer Avenue Marine Terminal in Philadelphia, Pennsylvania. Rabatin was injured when an eyebolt in the equipment he was using snapped. Rabatin sued Union Carbide, the manufacturer of the equipment, asserting strict liability and breach of warranty, and Columbus, the owner of the equipment, asserting negligence in its inspection, maintenance, and repair. Union Carbide and Columbus filed cross-claims

against one another for contribution and indemnity.

The case was submitted to the jury on special interrogatories. The jury found that the equipment manufactured by Union Carbide was defective, and that the defect was a proximate cause of Rabatin's injuries. In addition, it found that Columbus was negligent and that its negligence was a proximate cause of Rabatin's injuries. Finally, the jury found that both Union Carbide and Columbus were entitled to contribution. The jury awarded Rabatin $56,400 in damages. The district court entered judgment on the jury verdict on June 28, 1985, finding Columbus and Union Carbide jointly and severally liable, and ordering contribution. Union Carbide paid the entire judgment and it now seeks to enforce the contribution against Columbus.

Columbus urges that the district court erred in three respects. First, Columbus claims that the court erred in enforcing a right of contribution against it and in favor of Union Carbide. Second, Columbus contends that the court erred in denying its claim for indemnity. Third, Columbus argues that the court erred in refusing to give one of its proffered jury instructions. We affirm.

The first issue presented on this appeal is whether a manufacturer found liable on a theory of strict liability is entitled to contribution from another defendant found liable for negligence. In this diversity case, Pennsylvania law controls. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If, as is the case, the Pennsylvania Supreme Court has not articulated the law in this area, we must predict what rule it would apply. *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.,* 652 F.2d 1165, 1167 (3d Cir.1982).

Under Pennsylvania law, the right of contribution between codefendants is governed by the Uniform Contribution Among Tortfeasors Act, 42 Pa.Cons.Stat.Ann. §§ 8321–8327 (Purdon 1982). *See, e.g., Stone & Webster Engineering Corp. v. Heyl & Patterson, Inc.,* 261 Pa.Super. 150, 395 A.2d 1359 (1978).[1] Under the Act, joint tortfeasors are entitled to contribution if they have paid more than their pro rata share of a common liability. 42 Pa.Cons.Stat.Ann. § 8324(a) and (b). Joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury." *Id.* § 8322. Although the Pennsylvania courts have interpreted the Act on numerous occasions, our research reveals that there is no Pennsylvania Supreme Court decision on whether a defendant found strictly liable and a defendant found liable for negligence may be joint tortfeasors and, thus, may be entitled to contribution. The only two cases we have found are from the court of common pleas. Although they are not controlling, we note that they plainly hold that a strictly liable defendant may obtain contribution

---

1. Rather than look to the Uniform Contribution Among Tortfeasors Act, some courts have instead devoted most of their analyses to speculation over whether Pennsylvania will apply its comparative negligence statute to strict liability cases. *See, e.g., Bike v. American Motors Corp.,* 101 F.R.D. 77 (E.D.Pa.1984); *Conti v. Ford Motor Co.,* 578 F.Supp. 1429 (E.D.Pa.1983), *rev'd on other grounds,* 743 F.2d 195 (3rd Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1396, 84 L.Ed.2d 784 (1985). *See generally* Comment, *Comparative Negligence and Strict Products Liability: Where Do We Stand? Where Do We Go?,* 29 Vill.L.Rev. 695 (1984). Columbus relies on the above cases to support its argument that it, a negligent defendant, is under no obligation to pay contribution to Union Carbide, a strictly liable defendant. These courts and Columbus, however, have missed the point. The development of comparative negligence and strict liability law in Pennsylvania is irrelevant to the question of whether certain codefendants are entitled to contribution under the Uniform Contribution Among Tortfeasors Act, since resolving the contribution issue in no way calls for an assessment of the percentage fault of the codefendants; rather it simply requires a determination of whether the codefendants are joint tortfeasors. It is only once this contribution issue has been resolved that comparative negligence comes into play. *See, e.g., Capuano v. Echo Bicycle Co.,* 27 D. & C.3d 524 (Northamp.Cty. 1982) (holding that the Uniform Contribution Among Tortfeasors Act applies to determine rights to contribution between the strictly liable defendant and the negligent defendants as a group, while comparative negligence controls the rights of the negligent defendants *inter se* ).

under the Act from a negligent defendant. *See Capuano v. Echo Bicycle Co.*, 27 D. & C.3d 524 (Northamp. Cty.1982); *Stewart v. Uniroyal, Inc.*, 72 D. & C.2d 206 (Allegh. Cty.1975), *aff'd mem.* 238 Pa.Super. 726, 356 A.2d 821 (1976).

The leading Third Circuit case on the subject is *Chamberlain v. Carborundum Co.*, 485 F.2d 31 (3d Cir.1973). *Chamberlain* grew out of a fatal accident at a worksite. The accident occurred when the equipment Chamberlain was using shattered. Chamberlain's administratrix brought suit against the manufacturer in strict liability. The manufacturer joined the employer as a third-party defendant, claiming negligence and seeking contribution. The employer defended on the ground that Pennsylvania would not allow contribution between a strictly liable defendant and a negligent defendant. After determining that the defendants were joint tortfeasors, we held that Pennsylvania would allow contribution. *Id.* at 34. Our reasoning was that in Pennsylvania contribution is an equitable doctrine and equity requires that the negligent third party not be relieved of its burden of making reparations for the plaintiff's injuries. *Id.* Thus we stated, "[T]he theory is that as between the two tortfeasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done." *Id.* (quoting *Puller v. Puller*, 380 Pa. 219, 221, 110 A.2d 175, 177 (1955)).

█ Since we decided *Chamberlain*, there have been no Pennsylvania Supreme Court, or even Pennsylvania Superior Court, cases on this issue. Therefore, we believe that *Chamberlain* remains an accurate prediction of Pennsylvania law.[2] *See, e.g. Smith v. Kolcraft Products, Inc.*, 107 F.R.D. 767 (M.D.Pa.1985); *W.D. Rubright Co. v. International Harvester Co.*, 358 F.Supp. 1388 (W.D.Pa.1973). *See also Walters v. Hiab Hydraulics, Inc.*, 356 F.Supp. 1000 (W.D.Pa.1973). Therefore, we hold that the Pennsylvania Supreme Court would apply the Uniform Contribution Among Tortfeasors Act to enforce contribution between a defendant found liable on a strict liability theory and a defendant found liable because of its negligence.

Given our conclusion that Pennsylvania would permit contribution between a strictly liable defendant and a negligent defendant such as the one we have here, the only remaining question is whether Union Carbide and Columbus are joint tortfeasors. In entering judgment on the verdict, the district court found that they were. Under Pennsylvania law, two actors are joint tortfeasors if their conduct "causes a single harm which cannot be apportioned ... even though [the actors] may have acted independently." *Capone v. Donovan*, 332 Pa. Super. 185, 189, 480 A.2d 1249, 1251 (1984) (quoting Restatement (Second) of Torts § 879 (1977)). *See also Pratt v. Stein*, 298 Pa.Super. 92, 150, 444 A.2d 674, 704–05 (1982); *Voyles v. Corwin*, 295 Pa.Super. 126, 130–31, 441 A.2d 381, 383 (1982); *Lasprogata v. Qualls*, 263 Pa.Super. 174, 178–81, 397 A.2d 803, 805–06 (1979). In *Chamberlain*, we concluded that the manufactur-

---

**2.** The suggestion that *Chamberlain* was undermined by the Pennsylvania Supreme Court's decision in *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609 (1983), is without merit. In *Heckendorn* the Pennsylvania Supreme Court considered whether the 1974 amendment to the Pennsylvania Workmen's Compensation Act, Pa.Stat.Ann. tit. 77, § 481 (Purdon Supp.1985), precluded a strictly liable defendant from joining a negligent employer in a suit brought by an employee for injuries sustained in the course of his employment. The strictly liable defendant sought to join the employer in order to protect its right of contribution against the employer or to permit application of the Pennsylvania Comparative Negligence Act, 42 Pa.Cons.Stat.Ann. § 7102 (Purdon 1982 & Supp.1985). Noting that the Workmen's Compensation Act specifically states that it is the exclusive mechanism for seeking damages from employers for work-related injuries, the court determined that the employer was neither obligated to make contribution nor subject to the Comparative Negligence Act. Therefore the court held that joinder of the employer was improper. 502 Pa. at 104–09, 465 A.2d at 610–13. The *Heckendorn* court thus did not reach the question whether contribution was available between a strictly liable defendant and a negligent defendant not protected from liability by the 1974 amendment to the Workmen's Compensation Act.

er and the employer were joint tortfeasors because they both could have guarded against each other's conduct and thereby prevented the employee's death, the manufacturer by not marketing a defective product and the employer by adhering to reasonable safety standards with respect to the product. *See* 485 F.2d at 34. *See also Pratt*, 298 Pa.Super. at 105, 444 A.2d at 705.

 Applying these principles, we conclude that Columbus and Union Carbide are joint tortfeasors.[3] Each had the opportunity to prevent Rabatin's injuries. Union Carbide could have refrained from marketing a defective product, and Columbus could have taken appropriate precautions prior to the accident when it first learned that the eyebolts were cracking. Moreover, each of the torfeasor's acts combined to produce a single, indivisible harm. It would be impossible to apportion Rabatin's harm between them. Accordingly, we hold that Union Carbide is entitled to contribution from Columbus in the amount of Columbus' pro rata share of the total damages, namely fifty percent.

 Columbus' second and third arguments on this appeal do not require extended discussion. Columbus' second argument is that it is entitled to indemnity because its liability derives solely from its being in the chain of distribution of Union Carbide's defective product. *See Burch v. Sears, Roebuck and Co.*, 320 Pa.Super. 444, 467 A.2d 615 (1983); Restatement of Restitution § 93(1) (1936). The jury found, however, that Columbus' independent act of negligence also was a cause of Rabatins' injuries. There was evidence from which the jury could have found that Columbus was aware of the defect in the eyebolts prior to the accident but took no action to correct it. In such a case, the general rule that the manufacturer is under a duty to indemnify subsequent persons in the chain of distribution does not obtain. For that

reason, Columbus is not entitled to indemnification.

 Columbus' final argument is that the district court erred in refusing to give a proffered jury instruction. Rabatin suffered a heart attack within two months of the accident, and Columbus asked that the jury be instructed that it could not award Rabatin lost wages for the period subsequent to the heart attack. Although the court did not adopt the language suggested by Rabatin, it did instruct the jury it could make an award only for damages resulting from the shoulder injury, and could not award damages for the heart attack. We conclude, therefore, that the court adequately instructed the jury.

The judgment appealed from will, therefore, be affirmed.

---

**3.** To the extent that *Rhoads v. Ford Motor Co.*, 374 F.Supp. 1317 (W.D.Pa.1974), *aff'd on other grounds*, 514 F.2d 931 (3d Cir.1975), suggests that a strictly liable defendant and a negligent defendant as a matter of law may not be joint tortfeasors because their liability is inherently on a "different plane", we overrule it.