**ROUX LABORATORIES, INC. and Transportation Insurance Company**

v.

**Juanita TURNER.**

**Civ. A. No. 85–5775.**

United States District Court, E.D. Pennsylvania.

June 25, 1986.

---

Alan G. Rosenbloom, Post & Schell, P.C., Philadelphia, Pa., for plaintiffs.

Phillip A. Liss, Segal, Wolf, Berk, Gaines & Liss, Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

In this action, plaintiffs seek a declaratory judgment to prevent defendant from pursuing an uninsured motorist arbitration claim against them. Pending before the court is plaintiffs' motion for summary judgment. For the reasons set forth, the motion will be granted.

On or about June 3, 1981, defendant Juanita Turner, while in the course of her employment by plaintiff Roux Laboratories, Inc. ("Roux"), was injured in a motor vehicle accident. As a result of this accident, defendant received benefits under the Workmen's Compensation Statute of the Commonwealth of Pennsylvania. Approximately $89,000 was paid to her by Roux's Workmen's Compensation carrier, Liberty Mutual Insurance Company ("Liberty Mutual").

On or about March 30, 1984, defendant filed a petition to compel arbitration and appoint defendant arbitrator and a neutral arbitrator against defendant Transportation Insurance Company ("TIC") to obtain uninsured motorist coverage for injuries arising allegedly out of the June 3, 1981 accident. At the time of the accident, TIC provided to Roux motor vehicle coverage which included uninsured motorist coverage.

There is no dispute as to any material fact. The sole issue in ruling on plaintiff's motion for summary judgment is whether § 303(a) of the Workmen's Compensation Act, 77 P.S. 481(a) (the "Act"), precludes a defendant receiving Workmen's Compensation from recovering uninsured motorist benefits from the employer's motor vehicle insurance carrier. Section 303(a) of the Act provides:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representatives, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death ... or occupational disease....

Because this is a diversity action, the court must apply Pennsylvania law. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). There is no reported decision of the Pennsylvania Supreme Court on whether § 303(a) precludes an action for uninsured motorist benefits so that this court must predict how the Supreme Court would decide the issue if the issue were presented to it. *Rabatin v. Columbus Lines,* 790 F.2d 22, 24 (3d Cir.1986) *citing Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.,* 652 F.2d 1165, 1167 (3d Cir.1982).

*Wagner v. National Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980), held that § 303(a) of the Act precludes an employee from pursuing no-fault benefits against the employer's no-fault insurance carrier for injuries sustained in the scope of his employment. The Pennsylvania Supreme Court decision in *Wagner* concerns no-fault rather than uninsured motorist benefits but it provides guidance in predicting how that court would resolve this issue. "In the absence of authority directly on point, decision by that court in analogous cases provides useful indications of the court's probable disposition of a particular question of law." *McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 662 (3d Cir.1980). Rejecting the contention that no-fault insurance supplements an employee's rights under the Act, *Wagner* focused on the fact that no-fault insurance is statutorily mandated:

> Section 303 provides that workmen's compensation affords the exclusive remedy to an employee injured while at work unless the employer voluntarily relinquishes the protection of the limited liability. Because no-fault coverage is statutorily mandated, there is no such voluntary relinquishment by the employer by providing no-fault coverage.

*Wagner,* 422 A.2d at 1068. Uninsured motorist insurance, like no-fault insurance, is statutorily mandated. 40 P.S. § 2000(a). If providing no-fault insurance is no voluntary relinquishment of the protection of § 303, there is no voluntary relinquishment of § 303's protection by providing uninsured motorist benefits. It is clear to this court that the Pennsylvania Supreme Court would hold that § 303(a) precludes an employee receiving workmen's compensation from pursuing uninsured motorist benefits for those injuries from an employer's insurance carrier. *New Jersey Manufacturers Insurance Co. v. Rendon,* Civil Action No. 83–4639, Slip Op. (E.D.Pa. February 12, 1985) [Available on WESTLAW, DCTU database].

The Pennsylvania Supreme Court has directed that the No-Fault and Uninsured Motorist Acts should be construed together as one statute, if possible, since both statutes relate to the same class of persons and deal with the same subject (the obligation of motor vehicle owners to obtain insurance against accident injuries). *Tucci v. State Farm Insurance Co.,* 503 Pa. 447, 453, 469 A.2d 1025, 1028 (1983). The court's holding today is consistent with the Pennsylvania Supreme Court's directive.

Although this court is bound only by a decision of the Pennsylvania Supreme Court, well-reasoned opinions of the Pennsylvania Superior Court are also helpful in predicting what the Supreme Court would decide. These decisions shall be given "proper regard" but not conclusive effect. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *McKenna,* 662 F.2d at 662.

In *Lewis v. School District of Philadelphia,* 347 Pa.Super. 141, 500 A.2d 141 (1985), the Superior Court of Pennsylvania held that § 303(a) of the Act bars an employee covered by said Act from claiming uninsured motorist benefits.* The Superior Court concluded that if the legislature had intended that the Uninsured Motorist Act, as amended effective January 1, 1969, to create an exception to § 303(a) of the Act, it would have incorporated that exception when it amended the Act thereafter; § 303(a), as amended, became effective February 3, 1975. In reaching this conclusion, the Court relied on the rule of statutory construction that when the provisions of two laws are irreconcilable, the law later enacted shall prevail. *Id.* at 142–43. The court finds the reasoning of the Superior Court persuasive as to the holding of the Supreme Court when faced with this issue.

The Pennsylvania Supreme Court in *Wagner, supra,* cited *Turner v. Southeastern Pennsylvania Transit Authority,* 256 Pa.Super. 43, 389 A.2d 591 (1978) with ap-

---

\* The Superior Court reaffirmed this holding in *Lewis* in *Vann v. School District of Philadelphia,* 348 Pa.Super. 383, 502 A.2d 260 (1985).

**672**

proval. *Turner* held that § 303(a) of the Act bars a claim for no-fault benefits, relying on the same rule of statutory construction invoked in *Lewis*. The Supreme Court's approval of *Turner* suggests that the Supreme Court would follow *Lewis* and extend its holding in *Wagner* to uninsured motorist benefits.

Defendants rely on two cases in our court where motions to dismiss on the ground that the Act barred a claim for uninsured motorist benefits were denied; *Heiser v. Liberty Mutual Insurance Co.*, Civil Action No. 85–1704, Slip Op. (E.D.Pa. July 9, 1985) and *Garver v. State Farm Insurance Co.*, Civil Action No. 84–4881 (E.D.Pa. June 3, 1985). But these actions were prior to *Lewis* and without accompanying opinion for this court's consideration.

At the time of the accident, plaintiff TIC provided uninsured motorist coverage to plaintiff Roux in the amount of $15,000 so that defendant's recovery from the plaintiff could not exceed that amount. Defendant has received Workmen's Compensation benefits from Liberty Mutual in the sum of approximately $89,000; therefore, Liberty Mutual has a non-waivable lien in that amount on any recovery by defendant. *See* 77 P.S. § 671; *Rollins Outdoor Advertising v. W.C.A.B.*, 506 Pa. 592, 487 A.2d 794, 796–97 (1985). Since Liberty Mutual's lien exceeds whatever defendant could recover under the uninsured motorist policy, it is the only real party in interest. No economic gain can be derived by defendant in pursuing the underlying claim since defendant has no right to any recovery as a matter of law. There is no reason to pursue the litigation by arbitration or otherwise only to benefit the attorneys involved.