**EMPLOYERS INSURANCE OF
WAUSAU, Plaintiff,**

v.

**SHELL OIL COMPANY, Defendant.**

**No. 86 C 8955.**

United States District Court,
N.D. Illinois, E.D.

Feb. 11, 1987.

Paul J. Petit, Betar & Petit, P.C., Chicago, Ill., Terrence R. Joy, Arthur S. Beeman, Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for plaintiff.

Peter M. Sfikas, Larry R. Eaton, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., William E. Hegerty, Thorn Rosenthal, Cahill Gordon & Reindel, New York City, for defendant.

## ORDER

BUA, District Judge.

This order concerns defendant's motion to stay this action pending resolution of a California state court proceeding involving both parties. For the reasons stated herein, defendant's motion is denied.

## I. FACTS

In October 1983, Shell Oil Company ("Shell") instituted declaratory judgment action in a California state court against over 250 known and unknown insurers who provided indemnity insurance to Shell and a company acquired by Shell known as Julius Hyman and Company ("Hyman") between 1940 and 1983. Shell essentially seeks a declaration of coverage under the insurers' policies with respect to Shell's potential liability in an environmental contamination suit being pursued by the United States and the State of Colorado. Due to difficulty in ascertaining the identity of all insurers issuing liability indemnity policies during the 43–year period, Shell followed a California civil procedure rule allowing all parties unknown at the time of filing to be named as "Doe" defendants. After three years of discovery, Shell learned that plaintiff Employers Insurance of Wausau ("Wausau") may have issued liability coverage to Hyman between 1947 and 1952. Shortly thereafter, in July of 1986, Travelers Insurance Company ("Travelers"), a defendant in the California action and a primary insurer of Shell, filed a cross-complaint against Wausau seeking an adjudication that either Shell or its other insurers had the duty to pay all costs of defending the environmental damage actions attributable to Hyman's activities during 1947 through 1952.

On November 18, 1986, Wausau filed this action against Shell seeking a declaration that the policies Wausau issued to Hyman between 1950 and 1953 do not impose upon Wausau a duty to defend Shell. That same day, Shell mailed notice to Wausau that it was being identified as "Doe" defendant 501 in the California action pursuant to Cal.Civ.Pro.Code § 474 (West 1982). According to the amended complaint, Shell seeks a declaration of rights and duties arising under the policies issued to Hyman by Wausau. Subsequently, by a letter dated December 11, 1986, Shell tendered the

defense of the environmental damage suits to Wausau.

## II. DISCUSSION

Shell motions this court to stay proceedings in this case until the California court has ruled on the question of Wausau's duty to defend. Shell essentially argues that because the parties and issues in both actions are the same, this court should abstain from exercising jurisdiction until the California action has been resolved. Wausau opposes any stay in its action for declaratory relief contending that abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) is inappropriate in this case.

Before addressing Shell's motion, this court notes that requests for abstention are generally looked upon with disfavor and a movant must overcome a heavily weighted presumption in favor of the district court exercising its jurisdiction. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983). Although the decision to stay proceedings because of pending state litigation is committed to the discretion of the district court, the court has a "virtually unflagging obligation" to exercise its jurisdiction where proper subject matter jurisdiction exists. *Illinois Bell Tel. Co. v. Illinois Commerce Comm.*, 740 F.2d 566, 569 (7th Cir.1984). Only when the clearest of justifications are shown should the court exercise its discretion to decline jurisdiction. *Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247.

As a threshold matter, abstention is only possible when a "parallel" proceeding is pending in a state court. *Crawley v. Hamilton County Commissioners*, 744 F.2d 28, 31 (6th Cir.1984). Essentially, parallelism requires that the same parties and issues be present in both cases. Here, some question exists concerning whether Wausau can be made a party to the California action due to Shell's failure to effect service on Wausau as a "Doe" defendant within the three-year period outlined in Cal. Civ.Pro.Code § 583.210 (West Supp.1987). Although Shell asserts that the three-year period was tolled when the trial court stayed the California action for a nine-month period, Shell does not show how the stay prevented it from affecting service on Wausau. According to the provision upon which Shell relies for computing the three-year period, Shell is not only required to show the proceedings were stayed, but also that the stay affected its ability to serve Wausau. Cal.Civ.Pro.Code § 583.240 (West Supp.1987). Failure to comply with the three-year rule is not subject to any excuse or exception and requires mandatory dismissal of the untimely served party. Cal.Civ.Pro.Code § 583.250 (West Supp. 1987). Since Shell learned of Wausau's identity months before the three-year period was to expire on October 1, 1986 but did not attempt to serve Wausau until almost six months later, a substantial question exists as to whether Wausau is a proper party in the California action with regard to Shell.

Shell argues that notwithstanding any potential service problems, Wausau is a party to the California action by virtue of the cross-complaint asserted by Travelers. Travelers' claim for declaratory relief, however, does not mirror the issues raised in the present action. Travelers' cross-claim against Wausau seeks only a determination of whether Travelers, Shell, or some other insurer must pay defense costs related to claims arising from Hyman's operations prior to 1952. In the present case, Wausau seeks adjudication of whether Wausau owes Shell a duty of defense. As Wausau points out, Travelers has no standing to assert that Wausau has an obligation to defend Shell. Thus, while both cases involve similar questions, the issues raised are not identical. Accordingly, this court expresses some reservation as to whether parallelism required by *Colorado River* exists in the present case.

Shell, however, urges this court to reach the question of whether the factors outlined in *Colorado River* and its progeny weigh in favor of abstention in the event

Wausau is determined to be a proper "Doe" defendant in the California action. In *Colorado River* the Supreme Court announced four factors to be weighed in determining whether a federal action should be stayed pending the outcome of parallel state litigation: (1) whether the state court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained. *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. Subsequent Supreme Court and Seventh Circuit decisions have added the following considerations: (1) whether federal or state law governs the dispute; (2) the adequacy of the state court proceeding to protect the federal plaintiff's rights; (3) the relative progress of the state and federal proceedings; (4) the presence or absence of concurrent jurisdiction; and (5) the availability of removal. *Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Microsoftware Computer Systems, Inc. v. Ontel Corp.,* 686 F.2d 531 (7th Cir.1982). As the facts in this case do not encompass each of the stated factors, only those relevant considerations will be evaluated below.

Shell asserts the pendency of the California action makes this case inconvenient because the parties have already retained California counsel and because other insurers have an interest in the outcome of the Shell-Wausau dispute. Wausau counters by asserting that the convenience of parties unnamed in its federal action is of no relevance since they are not actively litigating any claim in this court. As such, Wausau contends that this forum is just as convenient as the California forum for both parties. Analyzing both parties' claims, this court does not believe that the convenience factor weighs overwhelmingly in either party's favor. At issue in this case is whether the insurance policies Wausau issued to Hyman contain a contractual duty to defend Shell with respect to all pre–1952 occurrences. Although insurers joined in the California action have an interest in the outcome of this litigation, they are not in any way being inconvenienced by this proceeding since they are not parties. The issue thus becomes whether substantial inconvenience would result if this action is allowed to proceed. Given the overwhelming likelihood this case will be resolved by summary judgment, this court fails to see how Shell will suffer substantial inconvenience if this proceeding is not stayed. Thus, the convenience factor does not advance Shell's motion to stay.

As to the avoidance of piecemeal litigation, Shell presents a compelling argument for declining jurisdiction in this case. If Shell's service upon Wausau is deemed effective by the California court, Shell's claim for declaratory relief will cause the California court to pass on the same question presented in this case. Thus, this factor weighs in favor of Shell's motion to stay.

An interesting question is raised when considering the third relevant factor: the order in which jurisdiction was obtained. Ostensibly, this factor was included by the Supreme Court to afford deference to the forum chosen by the party first to institute action against the other. The recognition of this factor in a motion to stay probably stems from the importance it plays in deciding transfer of venue motions where a similar prior action is pending in the transferee district. *See Factors, etc., Inc. v. Pro Arts., Inc.,* 579 F.2d 215, 218 (2d Cir. 1978) (first filed suit is given priority in § 1404 motion absent showing of inconvenience or special circumstances which justify giving priority to the second). Assuming Wausau was effectively made a party to the California case by Shell's amended complaint, the California case would be the prior filed suit by virtue of the "Doe" defendant procedure in Cal.Civ.Pro.Code § 474 (West 1982). Yet, given the fact that Wausau was not actually named by Shell until the day Wausau filed this action, the deference normally accorded to the most diligent litigant is difficult to assess. Because of the unusual circumstances in-

volved in this case, this court declines to give this factor significant weight in determining whether this action should be stayed.

The next factors to be analyzed are whether state or federal law will control the outcome of this case, and whether the opportunity for removal exists in the state action. Since the dispute in this case will be resolved by an interpretation of an insurance contract, only a state law question will be presented. Yet, the fact Wausau's complaint raises no federal claims is not determinative as the Seventh Circuit has admonished against treating diversity plaintiffs as second class litigants. *See Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir.1982). Second, removal of the state action to federal court in California is impossible given that Shell and a number of the named defendant insurers are Delaware corporations. Thus, these two factors appear to offset themselves.

The parties raise some dispute over whether the state proceedings are sufficient to protect Wausau's rights. Wausau asserts that since negotiation and execution of the policies at issue took place in Illinois, choice of law rules require that Illinois law be applied in interpreting the terms of the insurance agreement. For this reason, Wausau asserts this court would be better suited to resolve the dispute than a California state court which rarely deals with issues of Illinois contract law. Although this court may regularly pass on questions of Illinois law, this court has no reason to believe that the California court.is any less able to protect Wausau's rights in this case. Accordingly, this factor balances in favor of Shell's motion to stay.

The final factor relevant in the instant case is the relative progress of the state and federal proceedings. Shell argues that the California case is considerably more advanced than the present case and has already generated a significant amount of document discovery. Yet, as Wausau points out, this discovery is only attributable to the actions pending against 250 other defendants in that case. Wausau's assertion that little or no discovery has occurred regarding the specific issues raised in both cases is not contested by Shell. As such, no significant progress has been made in the California action toward resolving the claim pending before this court. Thus, this factor does not advance Shell's motion to stay.

Weighing the considerations discussed above with the heavy presumption in favor of exercising jurisdiction, this court declines to grant Shell's motion. Although allowing this case to proceed presents some chance of piecemeal litigation, Shell does not present the "clearest of justifications" required under *Colorado River* to mandate a stay of these proceedings. Shell is unable to convince this court that it will incur substantial inconvenience if this case is allowed to proceed or that the state suit has progressed to any stage more advanced than the instant action with regard to the specific issues involved. Similarly, the absence of concurrent federal jurisdiction in the California action coupled with the unusual manner under which Wausau was ostensibly made a party to the state court case do not strongly advance Shell's motion. Finally, some concern is expressed by this court as to whether Shell has effectively made Wausau a party to the California action. Thus, the parallelism prerequisite to invoking a stay under *Colorado River* may not in fact exist between the two cases. Although a balancing of the foregoing factors presents a close case, this court believes Shell has not overcome the heavy burden in favor of allowing the instant case to proceed. As such, this court refuses to stay Wausau's action for declaratory relief.

## III. CONCLUSION

For the foregoing reasons, defendant's motion to stay is denied.

IT IS SO ORDERED.