**ROUX LABORATORIES, INC., and Transportation Insurance Company**

v.

**TURNER, Juanita, Appellant.**

No. 86–1464.

United States Court of Appeals, Third Circuit.

Argued March 19, 1987.

Assigned March 2, 1988.

Decided March 31, 1988.

Daniel F. Monahan, Iris S. Pincus (argued), Segal, Wolf, Berk, Gaines & Liss, Philadelphia, Pa., for appellant.

Arthur M. Toensmeier, Barbara S. Magen, Allan C. Molotsky (argued), Post & Schell, P.C., Philadelphia, Pa., for appellees.

Before HIGGINBOTHAM, MANSMANN and ROSENN, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

This appeal concerns a straightforward question of Pennsylvania law: whether an employee who is covered by the provisions

of Pennsylvania's Workmen's Compensation Act, 77 Pa.Stat.Ann. § 481(a) (Purdon 1974), may also pursue an arbitration claim under the so-called Uninsured Motorist Act, 40 Pa.Cons.Ann. § 2000 (Purdon 1969), against her employer and its insurance carrier. In the underlying action, the employer and its insurance carrier sought a declaratory judgment that the employee could not pursue an arbitration claim because the Workmen's Compensation Act provided her exclusive remedy. The district court granted plaintiffs' summary judgment motion and entered a declaratory judgment in their behalf against the employee. *Roux Laboratories, Inc. v. Turner,* 646 F.Supp. 669 (E.D.Pa.1986) ("*Roux Labs*"), *reprinted in* Appendix for Appellant ("AA") at 96–101. We will affirm.

There is no dispute concerning the factual elements of this case. On June 3, 1981, while acting in the course of her employment by appellee Roux Laboratories, Inc. ("Roux Labs"), appellant Juanita Turner suffered personal injuries when her vehicle was forced off the road by an unidentified truck. The driver of the truck fled the scene of the accident immediately, and all parties agree that he qualifies as an "uninsured motorist" under Pennsylvania law. As a result of the accident, Turner received approximately $89,000 from Roux Labs' Workmen's Compensation insurance carrier. Thereafter, in March 1984, Turner filed a petition to compel arbitration against appellee Transportation Insurance Company ("TIC"), which provided Roux Labs' motor vehicle insurance coverage, including uninsured motorist coverage, at the time of Turner's accident. On October 1, 1985, Roux Labs and TIC filed a federal diversity action demanding a declaratory judgment preventing Turner from pursuing the uninsured motorist action against them.

The district court's entry of summary judgment on behalf of plaintiffs Roux Labs and TIC was premised upon section 303(a) of the Workmen's Compensation Act, which provides that

[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes [sic], his [or her] legal representative,

husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death ... or occupational disease....

77 Pa.Stat.Ann. § 481(a) (Purdon 1974). Although the district court noted the absence of a governing decision by the Pennsylvania Supreme Court, *Roux Labs,* 646 F.Supp. at 670, *reprinted in* AA at 97, it based its decision upon a prediction "that the Pennsylvania Supreme Court would hold that § 303(a) precludes an employee receiving workmen's compensation from pursuing uninsured motorist benefits for those injuries from an employer's insurance carrier." *Id.* at 671, *reprinted in* AA at 98. In this regard, the district court was persuaded by the reasoning of the Pennsylvania Superior Court in *Lewis v. School Dist. of Philadelphia,* 347 Pa.Super. 32, 500 A.2d 141 (1985), a decision that had been appealed to the Pennsylvania Supreme Court by the time we heard argument in this appeal. Accordingly, after argument, we entered an order holding this matter pending the decision of the Pennsylvania Supreme Court in *Lewis.*

On March 1, 1988, the Pennsylvania Supreme Court validated the clairvoyance of the district court. In light of the "essentially self-explanatory" language of section 303(a), the Pennsylvania Court held that "the workmen's compensation law is a worker's exclusive remedy against his [or her] employer for an injury sustained in the course and scope of employment." *Lewis v. School Dist. of Philadelphia,* 538 A.2d 862, 866, 867 (Pa.1988). Based upon this clear declaration that section 303(a) immunizes an employer from its employee's claim for uninsured motorist benefits, we will affirm the judgment of the district court.