### AETNA CASUALTY & SURETY CO.

v.

### John STERNER and Margaret Sterner, husband and wife.

### Civ. A. No. 88–6108.

United States District Court, E.D. Pennsylvania.

Nov. 10, 1988.

Jeffrey R. Dimmich, Snyder Dimmich & Guldin, P.C., Allentown, Pa., for plaintiff.

Edward B. McDaid, Shrager McDaid Loftus & Plum, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This is a declaratory judgment action arising out of defendant's automobile accident with a third party. In the instant matter, defendant moves this court to dismiss plaintiff's declaratory judgment action. For the reasons stated below, defendant's motion will be granted.

In February, 1988, while defendant John Sterner was acting within the scope of his employment, an underinsured motorist struck defendant's vehicle. As a result of the collision, defendant suffered injuries for which he later received workmen's compensation benefits. The vehicle which defendant was operating at the time of the accident was insured by plaintiff Aetna Casualty & Surety Co. through a policy issued to defendant's employer. The policy included underinsured motorist coverage.

On August 9, 1988, plaintiff filed a declaratory judgment action pursuant to 28 U.S.C. § 2201 praying that we bar defendant from seeking uninsured motorist coverage under the policy plaintiff issued to defendant's employer. Plaintiff bases jurisdiction on 28 U.S.C. § 1332(a) alleging complete diversity of citizenship and an amount in controversy exceeding $10,000. On June 28, 1988, an action was filed in the Court of Common Pleas of Schuylkill County seeking a judicial declaration of the rights and liabilities of the parties in this matter and other parties as well. In the instant matter, filed on September 6, 1988, defendant argues that this court should dismiss this case to avoid creating friction with the Pennsylvania state courts. Defendant alleges that exercising jurisdiction will require us to interpret two state statutes without guidance from the state courts and thus encroach upon the authority of the states. We are unable to accept this proposition. However, we do conclude that the pendency of the state court action suggests that we should use our discretionary authority to dismiss the declaratory action and defer to the state court.

Defendant's first contention, although not so couched, comes under the rubric of an abstention argument. Defendant asserts that we should not hear this case because it presents difficult issues of state law which are more appropriately left resolved by the state court. We disagree.

Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), (quoting from, *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1062–63, 3 L.Ed. 2d 1163 (1959)). There are three established doctrines of abstention.[1] We find

---

1. First, *Pullman* abstention requires a federal court to abstain where a federal constitutional issue is raised which is premised on an unsettled question of state law and which could be mooted by a resolution of the state law issue. *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 500–01, 61 S.Ct. 643, 645–46, 85 L.Ed. 971 (1941); second, *Burford* abstention applies

that Pullman and Younger abstention obviously do not apply. This case does not involve constitutional questions, and plaintiff does not seek to enjoin a state criminal or civil proceeding instituted against it. While Pullman and Younger are easily dismissed, the Burford abstention doctrine requires more thorough consideration.

■ If we exercise jurisdiction in this matter, we would face the question whether § 303(a) of the Workmen's Compensation Act, 77 P.S. § 481(a) ("the Act") precludes a defendant receiving workmen's compensation from recovering underinsured motorist benefits. Section 303(a) of the Act provides:

> "(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108."

In deciding the declaratory judgment action, we must construe the above statute along with the Underinsured Motorist Statute, 75 Pa. C.S.A. § 1731, et seq., which in pertinent part provides:

> "The coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury."

Because this is a diversity action, this court must apply Pennsylvania law. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Given the absence of a reported decision of the Pennsylvania Supreme Court on whether the Act precludes an action for uninsured motorist benefits, we may predict how the

Supreme Court would decide the issue if it confronted it. See Rabatin v. Columbus Lines, 790 F.2d 22, 24 (3d Cir.1986) (citing Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co., 652 F.2d 1165, 1167 (3d Cir.1981). The question remains whether it is appropriate under the Burford abstention doctrine for us to make such a prediction.

We do not find that this case presents difficult questions of state law or policy with which our ruling would interfere. This case is not analogous to Burford where the federal court's exercise of jurisdiction would have interfered with an extensive state regulatory system. In that case, the Supreme Court held that the district court should have abstained from deciding the reasonableness of a state commission's permit to drill oil. Similarly, in Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959), the Supreme Court held that the district court should have abstained from considering the scope of eminent domain power of municipalities under state law. In both of these cases, federal court review would have seriously disrupted the state's establishment of its own policies. See also, Kaiser Steel Corp. v. W.S. Ranch Co., 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968); Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610 (1933). We do not feel that our intervention in this matter would be as disruptive.

While we recognize the significance of establishing a uniform state policy on the interrelationship of the Workmen's Compensation Act and the Underinsured Motorist Statute, we are confident that we can contribute to the consistency rather than create confusion. Furthermore, we find that our interpretation of the two statutes

where the case presents "difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case then at bar." Colorado River, 424 U.S. at 814, 96 S.Ct. at 1244; Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); finally, Younger abstention counsels restraint where there is a pending state criminal proceeding and there is no showing of bad faith or harassment by the prosecution.

Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Supreme Court has applied Younger in civil cases where the federal plaintiffs "have attempted to invalidate a state statute and thereby enjoin a pending state civil proceeding which was initiated by the state against" the plaintiffs. Santiago v. City of Philadelphia, 435 F.Supp. 136, 145 (E.D.Pa.1977) (citing Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977)).

at issue would not involve making the kind of policy judgments that the Supreme Court has found objectionable. In *Lewis v. School District of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988), the Pennsylvania Supreme Court has addressed a question similar to the one we will face, and it provides guidance in predicting how that court would resolve this issue. " 'In the absence of authority directly on point, decisions by that court in analogous cases provide useful indications of the court's probable disposition of a particular question of law.' " *Roux Laboratories, Inc. v. Turner*, 646 F.Supp. 669 (E.D.Pa.1986), *aff'd*, 843 F.2d 704 (3d Cir.1988) (quoting *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 662 (3d Cir.1980). In addition, the Third Circuit has affirmed this court's retaining jurisdiction in a declaratory judgment action which presented virtually the same issue. *See Roux Laboratories, Inc. v. Turner*, 843 F.2d 704 (3d Cir.1988).

■ Defendant also argues that we should dismiss plaintiff's action because defendant previously filed a state court action which presents the same issues plaintiff seeks to resolve in this declaratory judgment action. An examination of the purpose of declaratory judgment and the cases which have addressed this issue persuade us that defendant is correct. The objectives of the Federal Declaratory Judgment Act are to provide an early adjudication of issues and thus avoid the accrual of damages to one not certain of his rights. Declaratory judgment should be granted only when it will either "serve a useful purpose 'in clarifying and settling the legal relations in issue' " or " 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " 6A Moore's Federal Practice ¶ 57.08[6.–1] at 57–60 (2d Ed.1987) (quoting

E. Borchard, Declaratory Judgments 299 (2d Ed.1941).

■ The statute should not be used to secure a judgment which would unnecessarily impinge on a state proceeding. *Traveler's Insurance Company v. Davis*, 490 F.2d 536 (3d Cir.1974). *See also, Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942) (ordinarily federal court should not proceed in declaratory judgment suit where another suit pending in state court presents same issues, not governed by federal law, and same parties). To determine the usefulness of the declaratory judgment action and the potential interference with state courts, we consider as a general matter, comity, judicial efficiency, adequacy of relief in each forum, and identity of the parties and issues in both actions.[2] *See Nigro v. Blumberg*, 373 F.Supp. 1206, 1213 (E.D. Pa.1974).

The Supreme Court has cautioned lower federal courts, however, that " 'the pendency of an action in the state court is no bar to proceeding concerning the same matter in the federal court having jurisdiction' and that 'federal courts have a "virtually unflagging obligation . . . to exercise that jurisdiction given them.' " *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 937, 74 L.Ed. 2d 765 (1983) (citations omitted). In *Colorado River* and *Moses Cone*, the Supreme Court established and built upon an "exceptional circumstances" test which informs the district court's discretion in determining whether to stay or dismiss a federal court action in deference to state court proceedings. The Third Circuit has adopted this test. *See Ingersoll–Rand Financial Corp. v. Callison*, 844 F.2d 133, 136 (3d Cir.1988). In *Colorado River*, the

**2.** We note that cases which predate *Colorado River* and *Moses Cone*, discussed infra, appear to give greater weight to the fact that both the federal and state actions present the same issues and parties. Moore 57–60. *See also, Provident Bank v. Patterson*, 390 U.S. 102, 126, 88 S.Ct. 733, 746, 19 L.Ed.2d 936 (1968) (federal court should decline exercise of jurisdiction over declaratory action where same issues presented contemporaneously to state courts); *Maryland*

*Casualty Co. v. Consumer's Finance Service*, 101 F.2d 514, 525 (3d Cir.1938) (court should refuse jurisdiction if declaratory judgment sought merely to determine issues involved in cases already pending). We believe, however, that at least as a threshold matter this factor remains important in determining the usefulness and appropriateness of allowing the federal action to proceed.

court instructs us to consider: 1) whether either court has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) avoidance of piecemeal litigation; and 4) the order in which the courts obtained jurisdiction. *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246. In *Moses Cone,* the court identified two additional factors for our consideration: 1) which forum's substantive law governs the merits of the litigation; and 2) the adequacy of the state forum to protect the parties' rights. *Moses Cone,* 460 U.S. at 23 and 26, 103 S.Ct. at 941 and 942. The court has warned that the determination whether to dismiss under the exceptional circumstances test "does not rest on a mechanical checklist, but on a careful balance of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 16, 103 S.Ct. at 937.

We must begin our inquiry by answering the threshold question whether the two actions are "parallel proceedings"; in other words, do both cases present the same issues and parties? *See Crawley v. Hamilton County Commissioners,* 744 F.2d 28, 31 (6th Cir.1984). Plaintiff argues that the federal action will offer "distinct and severable" issues from the state action. Specifically, plaintiff asserts that our decision concerning coverage will not affect issues of liability presented in the state court.

We find, however, that the state court action *does* address the issue of coverage which we would confront in the declaratory action. This is not a case analogous to *ACandS v. Aetna Casualty & Surety Co.,* 666 F.2d 819, 822–23 (3d Cir.1981), where the federal court was asked to resolve a question of coverage which the state tort action would not necessarily resolve. *See also Metropolitan Property & Liability Insurance Co. v. Kirkwood,* 729 F.2d 61, 62–63 (1st Cir.1984) (deciding declaratory action first allows tort action to be tried without potential conflict of interest between insurer and insured). On the contrary, the state court in our case faces a declaratory judgment action which will necessarily resolve the same issues we are asked to resolve. In paragraph 19 of its state court complaint, defendant Sterner (the plaintiff in the state court action), maintains that Aetna will assert immunity under Pennsylvania's Workmen's Compensation Law. In its Answer to the Complaint, Aetna admits that its position is that Pennsylvania law precludes recovery. In his prayer for relief, defendant requests that the state court declare the order of priority under the applicable policies and "particularly that Aetna Casualty & Surety Company does not enjoy immunity under the Worker's Compensation Law." Clearly, if we were to maintain jurisdiction in the declaratory action, we would confront the identical issue.

While additional issues may be resolved in the state action, this lack of parallelism does not counsel against dismissal, but instead works in favor of it. *See Lumen Construction, Inc. v. Brant Construction Co., Inc.,* 780 F.2d 691, 695 (7th Cir.1985) (district court defers to state court where among other factors, the state case is "a good deal more comprehensive than the federal case."). Similarly, the identity of the parties in both cases also counsels against our retaining jurisdiction; in fact, the state case involves the parties in the federal case and also includes additional defendants. Again, the state court allows for the more comprehensive resolution of this litigation.

Having concluded that the two cases present the same issues and parties, we must now apply the *Colorado River* and *Moses Cone* tests. First, neither court has assumed jurisdiction over property. Second, the federal forum does not appear to offer any inconvenience to any of the parties, as both the state and federal action would proceed in Pennsylvania. *See Lumbermens Mutual Casualty Co. v. Connecticut Bank & Trust Co.,* 806 F.2d 411, 414 (2d Cir.1986) (no inconvenience to party forced to litigate in home state). Third, our desire to avoid piecemeal litigation weighs in favor of dismissal. As discussed *supra,* the state action would most comprehensively address all the issues in the case including the single issue presented in the declaratory action. *See Lumen Construc-*

*tion, Inc.,* 780 F.2d at 695–96 (state court litigation will likely eliminate need for any further proceedings in federal court; *see also, Employer's Insurance of Wausau v. Shell Oil Co.,* 653 F.Supp. 744, 747 (N.D.Ill. 1987) (state court will pass upon the same question presented in this case).

Fourth, the fact that the state court first obtained jurisdiction also weighs in favor of dismissal. The state court action was filed on June 28, 1988 and the federal action was not filed until August 9, 1988. We note that priority should not be measured exclusively by which complaint was filed first, but also in terms of how much progress has been made in each action. *Moses Cone,* 460 U.S. at 21, 103 S.Ct. at 939. In neither the federal nor the state action has the case progressed much beyond the filing of the complaint. There has been no discovery, pretrial orders, or hearings in either action. While we do not give great weight to who wins the race to the courthouse, the fact that the state court action was filed almost six weeks before the federal action does contribute somewhat to our conclusion that a dismissal is appropriate.

Fifth, state law governs the merits of the litigation. While under our diversity jurisdiction, as discussed *supra,* this federal court is prepared to adjudicate the state law issue, the fact that state law controls the issues presented in this case weighs slightly in favor of dismissal. *See Ingersoll–Rand,* 844 F.2d at 137 (where state law governs, state court is as well equipped as the federal to apply state law); but see, *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 328 (2d Cir.1986) (fact that state law governs is of little importance in this diversity case). Where all other factors are equal, our respect for notions of comity and federalism tip the balance in favor of deferring to a state court for resolution of state law issues.

Finally, we consider the adequacy of the state forum to protect the parties' rights. This action does not present any constitu-

tional or federal questions. The state court is obviously well equipped to protect the litigants' rights; hence, this factor does not suggest that the federal forum is more appropriate for resolution of this matter.

In conclusion, a careful review of all the factors and circumstances involved in a decision whether to exercise jurisdiction leads this court to conclude that defendant's motion to dismiss should be granted. While we concede that this case is a close one, we find that it presents the "extraordinary circumstances" necessary for our deferral to the state court. In addition to the other reasons stated above, our entertaining this action would serve no useful purpose, as the identical state law issues are pending before a state court in a case that would more comprehensively dispose of all the issues at hand. Furthermore, we see no reason to stay proceedings rather than dismissing them because we anticipate that the state court proceeding will completely resolve the issues between the parties leaving us with nothing further to do with this case. *See Moses Cone,* 460 U.S. at 28, 103 S.Ct. at 943.[3]

Thus, for the reasons adduced above, defendant's motion for dismissal is granted.

---

**3.** Defendant also argues that F.R.Civ.P. 19 requires that we dismiss. Because of our disposi-

tion of this action, we need not address that issue.