**METROPOLITAN PROPERTY AND LIABILITY INSURANCE CO.,**
Plaintiff, Appellant,

v.

**Bonnie McCosker KIRKWOOD, et al.,**
Defendants, Appellees.

No. 83–1503.

United States Court of Appeals, First Circuit.

Argued Dec. 8, 1983.
Decided March 15, 1984.

Sterling H. Schoen, Jr., Manchester, N.H., with whom Wiggin & Nourie, Man-

chester, N.H., was on brief, for plaintiff, appellant.

N. Michael Plaut and H. Neil Berkson, Keene, N.H., with whom Bragdon, Berkson & Mangones, Keene, N.H., were on brief, for Bonnie McCosker Kirkwood.

Before COFFIN and BREYER, Circuit Judges, and MALETZ,** Senior Judge.

BREYER, Circuit Judge.

On April 19, 1982, James Kirkwood shot and killed his stepson, shot and wounded his wife, and then committed suicide. His wife, acting for herself and her son's estate, sought damages from Kirkwood's estate. She and the Kirkwood estate joined in asking Metropolitan Property and Liability Insurance Company to pay the damages according to the terms of Kirkwood's homeowner's insurance policy. Metropolitan believed it was not liable, for the policy covered only negligently inflicted, not intentionally inflicted, injuries. And Metropolitan brought a declaratory judgment action against both wife and estate in federal district court, seeking a determination that Kirkwood had acted intentionally, not negligently. Kirkwood's wife then filed her tort claim against the estate in New Hampshire state court. She claimed (on her own and her son's behalf) that Kirkwood had either acted intentionally *or* (being drunk) acted negligently. In either event, the estate would be liable. The estate removed the case to federal court.

When the federal judge hearing the declaratory judgment action learned about the tort suit, he dismissed the declaratory judgment action. He reasoned that the issues could be resolved at least as well, if not better, in the tort action. Metropolitan appeals from this dismissal. We conclude that Metropolitan is correct and reverse the district court's dismissal of the declaratory judgment action.

The hornbook law about hearing or dismissing declaratory judgment actions tends to be written in highly general terms. In deciding whether to exercise the power to grant declaratory judgment, given to them by 28 U.S.C. § 2201 and Fed.R.Civ.P. 57, courts look to see whether the declaratory judgment will serve the interests of the litigants or the public. *Public Affairs Associates v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962) (per curiam); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2759, at 645–51 (2d ed. 1983). Do considerations of efficiency, fairness and practical convenience for the court and parties warrant the court's granting a declaration of rights? *Interdynamics, Inc. v. Wolf*, 698 F.2d 157, 167 (3rd Cir.1982). Will a declaratory judgment help clarify the legal questions at issue? Will it relieve the uncertainty or insecurity that gave rise to the dispute? *President v. Vance*, 627 F.2d 353, 364 n. 76 (D.C.Cir.1980); *Alsager v. District Court*, 518 F.2d 1160, 1163–64 (8th Cir.1975); 10A C. Wright, A. Miller & M. Kane, *supra*, § 2759, at 646–51 (quoting E. Borchard, *Declaratory Judgments* 299 (2d rev. ed. 1941)). Will the action expedite resolution of the underlying dispute? *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126–28, 88 S.Ct. 733, 746–747, 19 L.Ed.2d 936 (1968). In reviewing a district court's application of these principles in a particular case, the courts of appeals have examined the record quite closely to decide whether the court's decision was "sound" in the circumstances. *Doe v. Gallinot*, 657 F.2d 1017, 1025 (9th Cir.1981); *Hanes Corp. v. Millard*, 531 F.2d 585, 591 (D.C.Cir.1976).

■ Case law has given these general principles a somewhat more specific meaning in the context of insurance disputes. Courts have consistently refused to entertain a declaratory judgment action about insurance coverage when a tort action could resolve the same factual issues. *E.g., Indemnity Insurance Co. of North America v. Schriefer*, 142 F.2d 851, 853–54 (4th Cir.1944); *Employers' Fire Insurance Co. v. Beals*, 103 R.I. 623, 630–31, 240 A.2d 397, 402 (1968); A. Windt, *Insurance*

** Of the United States Court of International Trade, sitting by designation.

*Claims and Disputes* § 8.04 (1982); 10A C. Wright, A. Miller, & M. Kane, *supra,* § 2760, at 665. This practice prevents duplicative proceedings, may allow the insured his choice of forum, and avoids the danger of inconsistent judgments. The Fourth Circuit, however, has noted an important exception—an exception that was not called to the attention of the district court. In *Stout v. Grain Dealers Mutual Insurance Co.,* 307 F.2d 521 (4th Cir.1962), it upheld a district court's decision *not* to dismiss a declaratory judgment action when a conflict of interest existed that would have prevented the insurance company from managing the insured's defense in an underlying tort suit. In that case, as here, the insured was covered for negligently inflicted, but not intentionally inflicted, injury. The court reasoned that the declaratory judgment action would decide whether the policy required the insurer to defend the tort action. Thus, deciding the declaratory judgment action first would allow the tort action to be tried without the potential conflict between the interests of the insurance company and the insured that would otherwise arise.

The case before us is virtually the same as *Stout.* In this case, however, the district court decided to dismiss, rather than to retain, the declaratory judgment action. Thus, we must ask whether the particular facts of this case allow the district court to reach a different result than in *Stout.* We conclude that they do not for two reasons.

For one thing, the district court's opinion itself suggests that the decision does not rest upon detailed knowledge of any individual facts and circumstances relating to this case; nor did the court rely upon its practical familiarity with litigating rules, procedures or their consequences. Rather, the district court simply relied upon the general "declaratory judgment" rule in insurance cases; it did not mention the *Stout* exception; and oral argument here revealed that no one called this exception to the district court's attention. Had someone done so, the court might well have decided differently.

For another thing, the procedural facts that the parties have brought to our attention suggest that this litigation will proceed with significantly greater efficiency if the declaratory judgment action is tried first. The basic issue in dispute apparently is not whether the estate is liable, but whether liability flows from negligent, or intentional, action. This issue can be tried directly in the declaratory judgment proceeding. Trial by jury is available. Fed.R.Civ.P. 57. All interested persons are parties to that proceeding. A decision will bind them all. Although Kirkwood's wife and estate would prefer a tort trial, they have not explained how the declaratory judgment proceeding could otherwise work to their disadvantage.

The tort track, however, seems more complicated. The papers before us suggest that Metropolitan is not formally a party in that suit (though it may be helping the estate with its defense). We are uncertain whether all relevant parties (Metropolitan, the estate, and the wife in both her capacities) can be brought together in that suit. Metropolitan might seek to intervene, Fed.R.Civ.P. 24; the estate might seek to implead it, Fed.R.Civ.P. 14; but if Metropolitan and the estate are unwilling, the wife seems unable to bring the insurance company into the tort suit. *St. Paul Fire & Marine Insurance Co. v. Mannie,* 91 F.R.D. 219, 221 & n. 3 (D.N.D.1981) (joinder unavailable in diversity case if applicable state law prohibits direct action against insurer); *see Burke v. Fireman's Fund Insurance Co.,* 120 N.H. 365, 367–68, 415 A.2d 677, 678–79 (1980) (New Hampshire law prohibits direct action). If Metropolitan is not a party to the tort suit, it is unlikely to be bound by the judgment. *Cf. Burd v. Sussex Mutual Insurance Co.,* 56 N.J. 383, 267 A.2d 7, 10 (1970) (insurer may dispute coverage when it refuses to defend underlying tort action). That is because its interest—that liability rest on intent—conflicts directly with that of the estate, which would likely prefer that liability rest on insured negligence. And, case law suggests that an insurer can relitigate the liability issue if a conflict prevents it from

64

controlling the insured's initial defense. *Farm Bureau Mutual Automobile Insurance Co. v. Hammer*, 177 F.2d 793, 799–801 (4th Cir.1949), *cert. denied*, 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1339 (1950); *Kelly v. Cherokee Insurance Co.*, 574 S.W.2d 735, 737 (Tenn.1978); A. Windt, *supra*, § 6.19, at 264–65 & n. 151; *Restatement (Second) of Judgments* §§ 57, 58 (1982). Regardless, even if Metropolitan were formally a party to the tort action, the parties have not explained how the tort action could proceed so as to avoid the risk of litigating the liability issue twice.

█ We recognize that to proceed with the declaratory judgment action deprives Kirkwood's wife of her choice of proceedings. Yet, we are aware of no law giving her an absolute preference. The declaratory judgment rule, Fed.R.Civ.P. 57, states that an action can be maintained despite the "existence of another adequate remedy." *Id.* The reasons for granting such a judgment are stronger where, as here, the alternative appears neither simple nor totally adequate. Because the declaratory judgment route provides a fairly straightforward way to resolve the underlying controversy, because neither wife nor estate points to harm or prejudice, and because the tort alternative, based on the parties' description of it here, may contain significant pitfalls, we conclude that *Stout* should govern.

The judgment of the district court is therefore

*Reversed.*