**TERRA NOVA INSURANCE COMPANY, LTD.,**
Appellant,

v.

**900 BAR, INC. t/a and d/b/a Mark IV Bar and t/a and d/b/a Mark IV Lounge and Mark IV Bar and Leroy Phillips, Melvin Roane, Gracie Roane and John Walker, Appellees.**

Nos. 88–1736, 89–1008.

United States Court of Appeals,
Third Circuit.

Argued Feb. 2, 1989.

Decided Oct. 18, 1989.

---

**1216**

Jonathan Dryer (argued), Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, Pa., for appellant.

Robin G. Rovell, Segal, Wolf, Berk, Gaines & Liss, Philadelphia, Pa., for appellee, Leroy Phillips.

James E. Beasley, William P. Murphy (argued), Beasley, Casey, Colleran, Erbstein, Thistle, Kline & Murphy, Philadelphia, Pa., for appellee, 900 Bar, Inc.

R. Steven Shisler, Bernard L. Kubert, P.C., Philadelphia, Pa., for appellees, Melvin and Gracie Roane.

Before HUTCHINSON, SCIRICA and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

### I.

Terra Nova Insurance Company, Ltd. (Terra Nova) appeals from two orders of the United States District Court for the Eastern District of Pennsylvania. The first granted appellee 900 Bar, Inc.'s (900 Bar's) motion to stay this declaratory judgment action. The second denied Terra Nova's Federal Rule of Civil Procedure 59(e) motion to alter or amend the stay order. Terra Nova's appeals were docketed at Nos. 88–1736 and 89–1008 respectively. Because No. 88–1736 was filed while Terra Nova's motion to alter or amend was pending before the district court, it is ineffective and we will dismiss it for lack of appellate jurisdiction.

However, No. 89–1008 brings up the underlying stay order. On this record, the stay is effectively final as to Terra Nova's obligation to provide a defense in the underlying state tort action and is not inherently tentative. Accordingly, we have jurisdiction to review the merits of the stay.

On the merits, Terra Nova argues that the district court's order is an abuse of the narrowly circumscribed discretion to stay an action which is afforded by *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). We believe, however, that the district court's stay order is based on the somewhat broader statutory discretion the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201–2202 (West 1982 & Supp. 1989) (Act), gives district courts to decide whether to entertain declaratory judgment actions.

The district court stayed this action to avoid finding facts that will also be the subject of determination in the state court actions. With respect to the duty to defend, this was error. Under Pennsylvania law, an insurer has a duty to defend if the complaint alleges facts that support recovery within the policy, at least until the action has been confined to claims that are not covered. From the pleadings in the underlying tort actions and the policy, the district court could not say that Terra Nova would not have to indemnify 900 Bar. Since Terra Nova disclaimed any desire to go beyond the pleadings in the state court suits, it is not presently entitled to the declaration it seeks. This determination does not depend on any facts at issue in the state court actions, which do not present the issue of Terra Nova's duty to defend, and the district court therefore erred in staying resolution of the duty to defend. Accordingly, we will vacate the stay and direct the district court, on remand, to dismiss this portion of Terra Nova's complaint.

Our holding on the duty to defend compels the conclusion that the stay of the duty to indemnify must remain in effect. Based on the pleadings in the underlying actions, Terra Nova would have no right to a declaration that it has no duty to indemnify 900 Bar. Whether Terra Nova must indemnify 900 Bar will thus depend on the facts as they develop in the state court actions, and Terra Nova has repeatedly

stated that it does not seek to have those facts determined in the district court. The district court could therefore have awaited further developments in the state fora. As Terra Nova does not challenge the terms of the district court's stay order, the stay with respect to the duty to indemnify must stand.

## II.

On November 28, 1985, Leroy Phillips (Phillips) and Melvin Roane (Roane) each sustained gunshot wounds at the Mark IV Bar, owned by appellee 900 Bar and located in Philadelphia. Phillips filed an action in the Court of Common Pleas of Philadelphia, Pennsylvania, against 900 Bar and its employee, John Walker, who allegedly fired the gun. Phillips sought recovery under alternate counts of negligence and intentional infliction of serious bodily harm. Appendix (App.) at R.R. 15–20. Roane also brought an action in the same court, alleging alternate counts of negligence and assault and battery, and his wife sought damages for loss of consortium. *Id.* at R.R. 24–29.

900 Bar's general liability insurance policy obligates Terra Nova to defend and indemnify 900 Bar but contains a coverage limitation which reads:

### Assault and Battery Exclusion

It is hereby understood and agreed that no coverage shall apply under the policy for any claim, demand or suit based on assault and battery, and assault and battery shall not be deemed an accident, whether or not committed by or at the direction of the insured.

*Id.* at R.R. 63. Terra Nova appointed counsel to defend 900 Bar in the state court actions, subject to a reservation of rights letter, and filed this declaratory judgment action in the district court to determine its obligations under the policy. *Id.* at R.R. 6–12. It named 900 Bar, the Mark IV Bar, Walker, Phillips and the Roanes as defendants and sought discovery. 900 Bar moved to stay the declaratory judgment action pending disposition of the underlying tort suits and refused to comply with discovery requests. *Id.* at R.R. 87–89. It contended that the declaratory judgment action required inquiry into the same facts as those involved in the tort actions, posing a conflict between Terra Nova's putative duty to defend 900 Bar in the state actions and Terra Nova's own interest in obtaining a declaration that it had no obligation to defend or indemnify 900 Bar because of the policy exclusion.

The district court granted 900 Bar's motion to stay the declaratory judgment action by order entered August 24, 1988. *Id.* at R.R. 139. The court cited three factors "impel[ling] the exercise of [its] discretionary power to stay this action." *Id.* at R.R. 146. First, it noted a general policy of restraint "when the same issues of state law will be determined in a pending state suit." *Id.* Second, the court cited the "inherent conflict of interest" between Terra Nova's duty to defend 900 Bar and its efforts to prove the factual basis for invoking the assault and battery policy exclusion. *Id.* Finally, the court cautioned that "the courts would do well to prevent and avoid duplicative litigation." *Id.*

On September 2, 1988, Terra Nova filed a Rule 59(e) motion to alter or amend the August 24 order granting the stay with an accompanying request that the court certify the order for appeal under 28 U.S.C.A. § 1292(b) (West Supp.1989). *Id.* at R.R. 151. Meanwhile, on September 21, 1988, Terra Nova appealed the district court's August 24 order. The district court denied the Rule 59(e) motion and the request for certification on December 15, 1988. Terra Nova appealed the December 15 order on January 9, 1989.[1]

## III.

■ The district court had subject matter jurisdiction over this diversity action for declaratory relief under 28 U.S.C.A.

---

1. Before argument we granted Terra Nova's motion to consolidate these appeals, but reserved decision on 900 Bar's motion to dismiss for lack of appellate jurisdiction.

§ 1332(a) (West Supp.1989).[2] Before proceeding to the merits of these appeals, however, we must first consider our appellate jurisdiction over each of them.

### A.

■ Terra Nova appealed from the district court's order granting the stay while its Rule 59(e) motion to alter or amend that order was still pending. Under Federal Rule of Appellate Procedure 4(a)(4)(iii), a notice of appeal filed while a Rule 59(e) motion is pending "shall have no effect. A new notice of appeal must be filed...." The United States Supreme Court has held that "a subsequent notice of appeal is ... ineffective if it is filed while a timely Rule 59 motion is still pending." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). "In short, it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act." *Id.* A unanimous Supreme Court recently reaffirmed this principle. *See Osterneck v. Ernst & Whinney,* — U.S. —, 109 S.Ct. 987, 990, 103 L.Ed.2d 146 (1989).

The Rule 59(e) motion was pending when Terra Nova filed its first appeal. Therefore, we will grant 900 Bar's motion in part and dismiss the appeal at No. 88–1736 for lack of appellate jurisdiction.

### B.

We next consider our jurisdiction over the appeal at No. 89–1008. "A timely appeal from a denial of a Rule 59 motion to alter or amend 'brings up the underlying judgment for review.'" *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 348 (3d Cir.1986) (quoting *Quality Prefabrication v. Daniel J. Keating Co.,* 675 F.2d 77, 78 (3d Cir.1982)). Underlying this Rule 59(e) motion is the district court's order granting

900 Bar's motion for a stay. Unless this underlying order is final, we lack appellate jurisdiction over the second appeal.[3]

■ Most orders granting or denying a stay do not end the litigation. Therefore, they do not ordinarily fit within the general definition of final orders appealable under 28 U.S.C.A. § 1291 (West Supp.1989). *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296 (1988) (denial of stay); *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 10 n. 11, 103 S.Ct. 927, 934 n. 11, 74 L.Ed.2d 765 (1983) (stays usually not final "since most stays do not put the plaintiff 'effectively out of court'"). However, under the "collateral order doctrine," a small class of decisions that do not end the litigation are nonetheless considered final for purposes of § 1291. *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Some stays are included in this sub-class of final orders. *See Moses H. Cone,* 460 U.S. at 11–12, 103 S.Ct. at 934–35. To be appealable under the *Cohen* doctrine, the order must "'conclusively determine the disputed question' ...[,] 'resolve an important issue completely separate from the merits of the action' ... [and] be 'effectively unreviewable on appeal from a final judgment.'" *Gulfstream,* 108 S.Ct. at 1136–37 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted)).

In *Moses H. Cone,* the Supreme Court concluded that an order granting a stay of litigation in favor of a parallel state court action pursuant to the exceptional circumstances doctrine of *Colorado River* was collateral under the *Cohen* test and therefore appealable under § 1291. *Moses H. Cone,* 460 U.S. at 11–12, 103 S.Ct. at 934–35. The Court first concluded that since

---

**2.** The Act is not an independent basis of federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950); *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 351 (3d Cir.1986).

**3.** 900 Bar also asserts that the district court's order granting the stay was not a "judgement"

within the meaning of Rule 59(e). However, Federal Rule of Civil Procedure 54(a) states that "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Therefore, our inquiry remains focused on the issue of finality.

the order "amount[ed] to a refusal to adjudicate the merits," it involved an important issue separate from the merits. *Id.* at 12, 103 S.Ct. at 935. Next, the Court found that the order would be entirely unreviewable if not appealed now. The district court would have to give preclusive effect to the determination in the state court action involving the identical question of arbitrability. *Id.* Finally, the Court rejected the argument that the order did not conclusively determine the disputed question. While technically amendable, the order was not "inherently tentative" but rather was "made with the expectation that [it would] be the final word on the subject addressed." *Id.* at 12 n. 14, 103 S.Ct. at 935 n. 14; *see id.* at 28, 103 S.Ct. at 943 (*Colorado River* stay "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case"); *see also Gulfstream,* 108 S.Ct. at 1137 (same) (dicta).

This case is distinguishable from *Moses H. Cone* on two grounds. It does not involve parallel state and federal court actions. Terra Nova argued in the district court that it was entitled to declaratory relief because there could be no recovery under the policy. It reasoned that even though the complaints in the underlying actions seek recovery for negligence as well as assault and battery, any injuries *arose* from an assault and battery, and therefore fall within the policy exclusion. This issue is not before the state courts.[4] In addition, *Moses H. Cone* was decided in the context of a *Colorado River* stay, not a stay under the Declaratory Judgment Act. ▮ Nevertheless, if Terra Nova continues to provide a defense, the district court's stay order amounts to a refusal to adjudicate the merits of Terra Nova's duty to defend. In that case, we do not think these distinctions are material. *Moses H. Cone* establishes that a stay order that amounts to a refusal to adjudicate the merits resolves an important issue separate from the merits. In *Moses H. Cone*, the stay met this criteria because the state court's decision on the same issues would be *res judicata.* Here, since the state and federal actions are not parallel, the decisions in the underlying actions will not be *res judicata* as to Terra Nova's duty to defend. However, if Terra Nova continues to provide a defense, the duty to defend will be moot once the state court actions conclude. Since the district court would then be unable to reach the merits of the duty to defend, the stay order would amount to a refusal to adjudicate the merits of this issue.

Terra Nova's claim for a declaration that it has no duty to defend will be moot if, as we believe, the Pennsylvania Supreme Court would preclude an insurer who provides a defense under reservation of rights from recovering the cost of that defense from its insured if it is later determined that there is no coverage. We have been unable to find any Pennsylvania authority that permits an insurer who defends under a reservation of rights to recover defense costs from its insured. We do not, however, rely solely on that negative implication. A rule permitting such recovery would be inconsistent with the legal principles that induce an insurer's offer to defend under reservation of rights. Faced with uncertainty as to its duty to indemnify, an insurer offers a defense under reservation of rights to avoid the risks that an inept or lackadaisical defense of the underlying action may expose it to if it turns out there is a duty to indemnify.[5] At the same

---

**4.** The underlying actions will decide if 900 Bar is liable to Phillips or the Roanes. Those actions will not address the legal question Terra Nova seeks to have decided in the district court. There are also several possible resolutions of the state court suits that will not determine if there can be recovery under the policy. *See infra* at 1227.

**5.** *See Pacific Indem. Co. v. Linn,* 766 F.2d 754, 766 (3d Cir.1985) (where insurer had duty to defend and impossible to determine from settlement on what theories, if any, claimants would have prevailed, insurer liable on duty of indemnity; although facts established in underlying actions may confine recovery to theory outside policy and preclude indemnity even where duty to defend exists, settlement prevented such factual developments); *see generally* 14 G. Couch, *Cyclopedia of Insurance Law* § 51:58 (Rev. 2d ed. 1982) (unjustified refusal to defend renders insurer liable for judgment or reasonable settle-

time, the insurer wishes to preserve its right to contest the duty to indemnify if the defense is unsuccessful. Thus, such an offer is made at least as much for the insurer's own benefit as for the insured's. If the insurer could recover defense costs, the insured would be required to pay for the insurer's action in protecting itself against the estoppel to deny coverage that would be implied if it undertook the defense without reservation. *See Beckwith Mach. Co. v. Travelers Indem. Co.*, 638 F.Supp. 1179, 1188–89 (W.D.Pa.1986) (insurer who defended for thirteen months without reservation of rights estopped to assert loss not within policy's coverage), *appeal dismissed*, 815 F.2d 286 (3d Cir. 1987).

Accordingly, a declaration that there was no duty to defend will not entitle Terra Nova to recover any costs it has expended. Since the defense will already have been provided, Terra Nova will also be unable to avoid any costs if it continues to defend until the state cases are concluded. When the state court actions conclude and the stay is lifted, Terra Nova will have no need for, and no right to, the declaratory relief it seeks in the district court.

If Terra Nova continues to defend, the issue of its duty to do so will also be unreviewable if not heard now. This too is so even though our inability to review the merits is based on mootness, and not *res judicata* as in *Moses H. Cone*. The stay pending the conclusion of the state action eliminates the possibility of effective review of the merits of whether Terra Nova has a duty to defend by postponing resolution of that duty until the issue becomes moot. Under either *res judicata* or mootness, the district court will have no occasion to consider the duty to defend once the stay terminates, and we will have no opportunity to review its decision on that issue.

■ We do, however, recognize a second possibility. Depending on the terms of its reservation of rights letter, Terra Nova could, upon proper notice to its insured,

terminate its defense of the underlying action.[6] In that case, the merits of Terra Nova's duty to defend would not be moot in the traditional sense. Although Terra Nova could not recover the costs it had already expended, 900 Bar could seek to recover the defense costs it incurred after Terra Nova terminated its defense by filing an action for breach of contract. Until that contract action was finally determined, a decision on the merits of whether there was a duty to defend would still be possible in the federal action.

Although this scenario does not fit as neatly within the *Moses H. Cone* framework, that does not defeat our jurisdiction over the stay with respect to the duty to defend. *Moses H. Cone* is only a particularized application of the *Cohen* test. An order need not be a refusal to adjudicate the merits to satisfy the *Cohen* requirements of resolving an important issue separate from the merits that would be effectively unreviewable on appeal from a final judgment. *See supra* at 1218 (outlining elements of *Cohen* test). We believe that even if Terra Nova stops providing a defense, the stay order meets these two prongs of the *Cohen* test.

An insurer seeks a declaration on whether it has a duty to defend to avoid uncertainty. If it obtains a favorable ruling, it may safely terminate the defense and avoid further expense. A ruling that it is obligated to defend also resolves the uncertainty as to whether it should defend. If, however, the ruling is delayed until the underlying action is concluded, the insurer must act while still in a quandary about its duty. It has to decide whether to continue the defense without the guidance that the Act's declaratory remedy is meant to provide.

The value of a declaratory judgment as to the duty to defend is the determination of the insurer's responsibilities before or during the pendency of the underlying action. The stay order, by delaying resolution of the question until after the state actions conclude, denies the insurer the

ment); *id.* § 51:69 (insurer who refuses to defend loses right to control defense).

**6.** The text of the letter is not in the record.

benefit of the declaratory remedy. It therefore decides an important issue separate from the merits. Since review after the state court actions end comes too late to provide the insurer with guidance as to whether it should continue providing a defense, the order's denial of the declaratory remedy is effectively unreviewable if not heard now. Accordingly, even though Terra Nova may decide to stop providing a defense, the stay order meets these two prongs of the *Cohen* test.

Finally, under either scenario, the stay order meets the remaining *Cohen* requirement; the order conclusively determines the disputed question. It is not inherently tentative. *See Moses H. Cone*, 460 U.S. at 12 n. 14, 103 S.Ct. at 935 n. 14 (stay order not "inherently tentative" and meant to be final word on subject meets *Cohen* conclusiveness requirement). The district court has given no indication that it will revisit the order until after the state court actions end. *Cf. American Motorists Ins. Co. v. Levolor Lorentzen, Inc.*, 879 F.2d 1165, 1170–71 (3d Cir.1989) (order placing initial burden to defend on particular insurer and denying summary judgment because of genuine issue of material fact regarding policy exclusion was subject to revision and therefore not appealable under Federal Rule of Civil Procedure 54(b)).

We have appellate jurisdiction over the district court's decision to stay this declaratory judgment action and will therefore deny 900 Bar's motion to dismiss the appeal at No. 89–1008. We review the stay order for abuse of discretion.[7]

## IV.

The district court cited three factors supporting a stay, but did not specify the legal theory under which it granted this relief. Accordingly, we must determine the source of the discretion the district court exercised.

The cases involving declaratory judgment actions brought by insurers create a confusing patchwork. Some courts apply the exceptional circumstances analysis of *Colorado River. See, e.g., Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir. 1988); *Lumbermens Mut. Casualty Co. v. Connecticut Bank & Trust Co., N.A.*, 806 F.2d 411 (2d Cir.1986); *Aetna Casualty & Sur. Co. v. Sterner*, 700 F.Supp. 252 (E.D. Pa.1988); *Fireman's Fund Ins. Co. v. Paine Webber Real Estate Sec., Inc.*, 690 F.Supp. 879 (N.D.Cal.1988). Other courts analyze the issue under the Act. *See, e.g., Zurich Ins. Co. v. Alvarez*, 669 F.Supp. 307 (C.D.Cal.1987); *Ohio Casualty Co. v. Jackson County Bank*, 562 F.Supp. 1165 (W.D. Wis.1983) (relying alternatively on the Act and *Colorado River*). Some courts speak in terms of abstention, but use as authority the Supreme Court's decision under the Act in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). *See, e.g., Lawyers Title Ins. Corp. v. Combined America Properties*, 688 F.Supp. 275 (N.D.Tex.1988); *Highlands Ins. Co. v. A.E. Invs., Inc.*, 637 F.Supp. 213 (E.D.La.1986).[8]

Terra Nova contends that the district court relied on the exceptional circumstances test of *Colorado River* and that its decision cannot be justified on this basis. Unlike traditional abstention doctrines, this additional ground for staying a federal court proceeding because of a pending state action does not depend on "considerations of proper constitutional adjudication and regard for federal-state relations." *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. Rather, it "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litiga-

---

7. Our conclusion that the stay with respect to the duty to defend satisfies the collateral order doctrine might have been different had the district court dismissed the request for a declaration on this issue. If the district court had ruled on the merits of the duty to defend, *i.e.* declared its existence or non-existence, the order would not appear to resolve an important issue separate from the merits.

8. Indeed, panels within other Circuits have not always taken entirely consistent approaches. *See United States Fidelity & Guar. v. Algernon-Blair, Inc.*, 705 F.Supp. 1507, 1519 n. 13 (M.D.Ala.1988) (noting varying decisions by panels in the Second, Fifth and Ninth Circuits); *see also infra* n. 11.

tion.'" *Id.* (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)).[9]

The *Colorado River* doctrine is aptly named. Litigants who navigate it must shoot rough water in a narrow channel. Thus, the Supreme Court noted the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *id.*, and cautioned:

> Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist.

*Id.*, 424 U.S. at 818, 96 S.Ct. at 1246. Terra Nova argues that the district court's order does not satisfy this strict test and is therefore an abuse of discretion.

■ However, by the terms of the Declaratory Judgment Act itself, a fundamental reason for the exceptional nature of a *Colorado River* stay—the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,"—is not present in declaratory judgment cases. In relevant part, the Act provides:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201(a). This section of the Act gives district courts statutory discretion to decide whether to entertain actions for declaratory judgments. *Lac D'Amiante du Quebec, Ltee v. American Home Assurance Co.*, 864 F.2d 1033, 1042 n. 11 (3d Cir.1988); *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1170 (3d Cir. 1987).[10]

■ There is an important distinction between cases in which "a federal district judge stay[s] a case because of parallel state court proceedings" and declaratory judgment cases which, because of their "purely remedial and equitable nature," vest the district court with discretion. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 n. 1 (5th Cir.1983).[11] In

9. The district court's reasoning does not fit within any of the three well-recognized categories of abstention and the parties do not contend it does. Under *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), a federal court abstains where the federal constitutional issue presented is premised on an unsettled question of state law which could be mooted by a state court's resolution of the state law issue. Under *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), a federal court abstains where a case involves difficult state law questions implicating important state policy problems which transcend that particular case. Under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), a federal court abstains when it is asked to restrain pending state criminal proceedings unless there is a showing of prosecutorial bad faith, harassment or a patently invalid state statute.

10. This conclusion is supported by the language of Federal Rule of Civil Procedure 57 relating to procedure on declaratory judgments. It pro-

vides, in part: "The existence of another adequate remedy does not preclude a judgment for declaratory relief *in cases where it is appropriate.*" (Emphasis supplied.) The question the district court decided was whether declaratory relief was presently "appropriate" in this case and not if it was precluded by the state court suit. *See United States Fidelity & Guar.*, 705 F.Supp. at 1514–15 (although state court litigation not *per se* bar to declaratory judgment action, jurisdiction may be declined if state court litigation will resolve substance of issues in federal suit); *see generally*, 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2758 (2d ed. 1983) (federal court may consider pendency of other action in deciding whether to entertain declaratory judgment suit).

11. Fifth Circuit law is unclear on the application of the exceptional circumstances test to declaratory judgment actions. The *Mission* court stated that "the purely remedial and equitable nature of declaratory judgments vests the court with discretion, and sets declaratory

deciding whether to exercise their power to issue a declaratory judgment, the district courts consider similar factors whether they speak in terms of abstention or the discretion the Act affords them. *See Fuller Co. v. Ramon I. Gil, Inc.,* 782 F.2d 306, 308 n. 3 (1st Cir.1986) (agreeing that declaratory judgment action can be dismissed on less than exceptional grounds and noting that *"Colorado River* factors themselves run substantially parallel to the criteria that historically have been deemed relevant in determining whether to accept or decline jurisdiction over an action brought under 28 U.S.C. § 2201."). However, decisions couched in *Colorado River* analysis carry with them concerns peculiar to our federal system. Those concerns tend to pull the decision away from the central inquiry under the Act—namely, whether it is equitable for the court to exercise the remedial discretion the Act gives it. Application of *Colorado River,* while based on judge-made considerations of judicial efficiency, skews the analysis because of its narrowly exceptional nature.

The United States Court of Appeals for the First Circuit deals with the fact that jurisdiction is discretionary under the Act through a modified *Colorado River* analysis. In declaratory judgment cases, that court gives great weight to the third *Colorado River* factor—the desirability of avoiding piecemeal litigation. *Fuller Co.,* 782 F.2d at 309; *see also National R.R. Passenger Corp. v. Providence and W. R.R.,* 798 F.2d 8, 11 (1st Cir.1986). This factor, it reasons, "subsumes such traditional considerations as 'whether the declaratory judgment will serve the interests of the litigants or the public' and whether 'considerations of efficiency, fairness and practical convenience for the court and par-

ties warrant the court's granting a declaration of rights.' " *Fuller Co.,* 782 F.2d at 309 n. 3 (quoting *Metropolitan Property & Liab. Ins. Co. v. Kirkwood,* 729 F.2d 61, 62 (1st Cir.1984)). The First Circuit also applies the *Colorado River* test "without emphasis on a federal court's duty to exercise its jurisdiction." *Id.*

We believe that *Colorado River* and *Moses H. Cone* do not limit the traditional discretion of district courts to decide whether to hear declaratory judgment cases. *See, e.g., Transamerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d 1249, 1254 & n. 4 (9th Cir.1987) (post-*Colorado River* authority, including indications in Supreme Court opinions, supports proposition that jurisdictional discretion under the Act survives *Colorado River* and *Moses H. Cone* ); *United States Fidelity & Guar. v. Algernon–Blair, Inc.,* 705 F.Supp. 1507, 1520–21 (M.D.Ala.1988) (discretion under Act unaffected by *Colorado River* and *Moses H. Cone;* concern in those cases with "relaxation of jurisdictional constraints" inapposite where Congress has granted discretion); *see also* 17A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4247, at 118–20 (2d ed. 1988) (court's discretion to hear declaratory judgment cases rests on special nature of such cases, not on *Colorado River* ). Accordingly, we see no impediment to the district courts' exercise of discretion under the Act. Nor are we inclined to develop a variant of *Colorado River* for use in declaratory judgment actions. The way to guarantee that district courts retain the discretion afforded by the Act is through analysis under the Act. *See Navistar Int'l Corp. v. Emery,* 643 F.Supp. 515, 517 (N.D.Tex. 1986) (proper analysis is under Act, not *Colorado River,* since to hold otherwise

judgments outside the scope of *[Moses H.] Cone." Mission,* 706 F.2d at 601 n. 1. Subsequently, however, a different panel of that court applied *Colorado River* analysis in reversing the grant of a stay without mentioning *Mission. See Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185 (5th Cir.1988). A third panel recently noted this possible conflict but declined to resolve it, holding that reversal was required whether *Colorado River* or the Act applied. *Sandefer Oil & Gas, Inc. v. Duhon,* 871 F.2d 526, 528 (5th Cir.1989).

We agree with the *Mission* court that there are important differences between staying an ordinary action and staying a declaratory judgment action. We express no opinion, however, on its suggestion that *Colorado River* analysis never applies to declaratory judgment actions. *See infra* note 12. To the extent *Jimco* is read as eliminating district courts' discretion under the Act after *Colorado River* and *Moses H. Cone,* we reject it. *See infra* at 1223–24.

would vitiate policy of Act to provide district courts with adequate discretion). This will also ensure that factors historically held relevant to such inquiries are given proper weight. District courts, at least as an initial matter, should therefore exercise their discretion under the Act when deciding whether to entertain a declaratory judgment suit.[12]

In the instant case, we believe the district court followed this approach. The only decision the district court cited to justify a stay, and the principal authority 900 Bar advanced to support this relief, is *Allstate Ins. Co. v. Harris*, 445 F.Supp. 847 (N.D.Cal.1978). *Allstate* was decided under the Act, not under *Colorado River*. The district court did not mention *Colorado River* or any other case applying the exceptional circumstances test. Although 900 Bar argued that *Nigro v. Blumberg*, 373 F.Supp. 1206 (E.D.Pa.1974)—a pre-*Colorado River* opinion outside of the declaratory judgment context staying federal court proceedings on efficiency grounds until termination of a similar state action—provided further support for a stay, the district court did not rely on *Nigro*.

Not surprisingly, the district court considered issues common to analysis under *Colorado River* and the Act. It observed that similar factual determinations would be necessary in the two fora and that "the courts would do well to prevent and avoid duplicative litigation." App. at R.R.146. The court also stated that " '[i]t is ordinarily neither sound judicial administration nor in the interests of the parties, particularly the injured state[-]court plaintiff, to permit an out-of-state insurance carrier to drag the parties to a tort action into federal court to try a portion of the overall controversy among those parties.' " *Id.* at R.R. 144–45 (quoting *Allstate*, 445 F.Supp. at 850 (citations omitted)). These factors also

inform the exercise of discretion under the Act. *See Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1176 (federal court should consider whether state court suit "present[s] the same issues, not governed by federal law, between the same parties" and whether state court is better able to settle controversy); *Fuller Co.*, 782 F.2d at 308 n. 3 (*Colorado River* factors and factors historically deemed relevant in deciding whether to entertain action under Act are "substantially parallel"). Even the district court's reference to "sound judicial administration," language which echoes *Colorado River*, came in a quote from a case decided under the Act and so is linked to the context of the Act.

Given the district court's express reliance on authority decided under the Act, the absence of any reference to *Colorado River* or similar cases and the parallel considerations in the two analyses, we reject Terra Nova's argument that the stay can be upheld only if it satisfies the exceptional circumstances test. Instead, we conclude that the district court exercised its discretion under the Act in deciding to stay this action. We therefore turn to whether the stay was an abuse of that discretion.

## V.

All of the factors the district court considered are appropriate. In addition to the *Brillhart* factors, this Court has set out the following general guidelines for the exercise of discretion under the Act: " '(1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies.' " *Interdynamics, Inc. v. Wolf*, 698 F.2d 157, 167 (3d

12. We do not decide if *Colorado River* analysis is ever proper in the declaratory judgment context or if it is subsumed in the inquiry under the Act. District courts should, however, exercise the discretion afforded by the Act before even considering *Colorado River*. They will thereby avoid unnecessary *Colorado River* analyses when dismissals could be granted pursuant to the greater discretion provided by the Act. *Cf.*

*Law Enforcement Ins. Co. v. Corcoran*, 807 F.2d 38, 40 n. 3 (2d Cir.1986) (district court should ordinarily consider traditional abstention doctrines before applying exceptional circumstances test of *Colorado River*, "thereby reducing the chances of either unnecessary or incomplete legal discussions"), *cert. denied*, 481 U.S. 1017, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987).

Cir.1982) (quoting *Bituminous Coal Operators' Ass'n v. International Union, United Mine Workers*, 585 F.2d 586, 596–97 (3d Cir.1978) (footnote omitted)). In conducting this inquiry, "[c]ourts look with disapproval upon any attempt to circumvent the laudable purposes of the Act, and seek to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." 6A J. Moore, J. Lucas & G. Girtheer, Jr., *Moore's Federal Practice* ¶ 57.08[5], at 57–50 (2d ed. 1987) (footnote omitted).

Considerations more specific to the insurance context are also appropriate. Thus, Professor Moore goes on to say:

> In insurance cases, as in declaratory judgments in general, although both justiciability and federal jurisdiction are present, the court in a proper case may, nevertheless, refuse to proceed with the declaratory action for it is well settled that the exercise of jurisdiction in this area is discretionary.... And frequent, attempted abuses of the declaratory action in this area make the exercise of judicial discretion particularly important.

*Id.* at ¶ 57.19, at 57–206–07 (footnotes omitted).

Commentators have noted the potential conflict of interest problem if "the same factual question" lies at the heart of both an insurance coverage dispute and the underlying tort action. *See* Kirkland & Berkeley, *Declaratory Judgment Suits: Use in Insurance Coverage Litigation*, 33 Fed'n of Ins. Counsel Q. 243, 252 (1983) (concluding that "a finding in the declaratory judgment would have *res judicata* effect on the outcome of the tort case, and is therefore inappropriate"). Here, the district court relied on the following reasoning from *Allstate:*

> [C]onsideration of the interest [sic] involved in this case has convinced the Court that a trial at this point in the proceedings would place an unfair burden on the insured, in violation of his expectations and of the policies favoring insurance against risks. [...] [sic] All parties to the state court suit being

present in this action, [the insured] could well be collaterally estopped from relitigating the issue of intent in the subsequent state court trial. He would thus be subjected to both tort liability and the possibility of punitive damages, all because of the facts established against him in this Court by [the insurer]. Yet the superior resources and expertise of the insurance company in litigating these matters are one aspect of the protection an insured purchases with his policy. Here, the policy language was sufficiently clear to preclude any reasonable expectation of a defense to claims for damages caused intentionally. At the same time, the insured could not possibly have anticipated that the very resources for which he bargained would be turned against him and used to establish his liability whenever intentional tort was alleged. An early declaratory judgment in these circumstances would serve as a procedural mechanism to defeat the reasonable expectations of the insured, which state courts have so zealously guarded through contract interpretation.

App. at R.R.145 (quoting *Allstate*, 445 F.Supp. at 851) (citation omitted); *see also Zurich Ins. Co. v. Alvarez*, 669 F.Supp. 307, 309 (C.D.Cal.1987) (on facts similar to those at bar, district court declined jurisdiction under Act because, *inter alia*, "the Court would be required to decide predicate facts which may be fundamentally at issue in the state court action.").

Terra Nova contends that the district court erred in finding a conflict of interest because this particular declaratory judgment action can be decided without inquiry into the facts at issue in the state court suit. The policy Terra Nova issued to 900 Bar provides that "no coverage shall apply ... for any claim, demand or suit based on assault and battery, and assault and battery shall not be deemed an accident, whether or not committed by or at the direction of the insured." App. at R.R.63. Terra Nova argues that under this language it has no duty to defend where damages are sought from an assault and battery or where the damages allegedly *arise* from an assault and battery. It maintains

that, by their terms, the state court pleadings only seek recovery for injuries arising out of an assault and battery. Disclaiming any intent to look beyond the pleadings, Terra Nova concludes that it is not trying to establish facts in the declaratory judgment action that could prejudice its insured in the state court suits.

■ This argument fails because its central premise is flawed. It is not possible to characterize the state court pleadings as stating only claims arising from an assault and battery. The *Phillips* complaint asserts that John Walker shot Phillips in the chest. *Id.* at R.R.16. Without providing further details of the incident, it then alleges that Walker was careless and negligent in:

(a) using a firearm and discharging it under the circumstances;

(b) pointing a firearm at the plaintiff when defendant knew or should have known that the firearm was loaded and represented an unreasonable risk of harm to the plaintiff;

(c) failing to warn the plaintiff of his intention to point and shoot the firearm in question;

(d) failure to ascertain the point and position of the plaintiff under the circumstances.

*Id.* at R.R.17–18. The first of these claims does not indicate that there was a related assault and battery. The same is true of the third and fourth theories. Each appears broad enough to cover, for example, a scenario in which Walker pointed the weapon at an inanimate object and inadvertently shot Phillips.

■ The *Roane* complaint asserts that Walker "negligently, recklessly, and/or intentionally, willfully, wantonly, and maliciously fired a gun at another individual as a result of a dispute over a matter not related to Plaintiff, MELVIN ROANE, and the bullet went astray and struck Plaintiff, MELVIN ROANE." *Id.* at R.R.25. While closer to supporting Terra Nova's theory, it

also admits possibilities which do not arise from an assault and battery. The alleged dispute may not have involved an assault and battery, and the gun may have discharged due to negligence.

■ We therefore reject Terra Nova's argument that the state court pleadings allege only theories excluded from coverage. Under Pennsylvania law, "[i]f the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend until such time as the claim is confined to a recovery that the policy does not cover." *Erie Ins. Exch. v. Transamerica Ins. Co.*, 516 Pa. 574, 583, 533 A.2d 1363, 1368 (1987). Since Terra Nova did not argue that the underlying actions have been confined to preclude recovery under the policy, it is not presently entitled to a judgment declaring that it has no duty to defend.

■ We also conclude that the district court erred in not dismissing Terra Nova's claim to a declaration that it had no duty to defend 900 Bar. Terra Nova consistently stated that it was seeking a declaration on the duty to defend based solely on the state court pleadings. It disclaimed any desire to explore the facts in the underlying actions. Accordingly, consideration of the duty to defend would not have posed a conflict between Terra Nova's putative duty to defend and its interest in avoiding coverage. There was no need for the district court to investigate or determine any facts at issue in the state fora to decide the coverage question. The district court therefore erred in relying on a conflict of interest to stay the duty to defend.[13]

This is not to say that the district court mischaracterized Terra Nova's discovery requests as seeking evidence directed to the underlying actions. The proper remedy, however, was not to stay the actions to avoid any feared conflict of interest. Rather, the duty to defend could have been

---

**13.** The district court also relied on a policy of restraint when a pending state court action will determine the same issue of state law and a desire to avoid duplicative litigation. *See supra* at 1217. Since the state and federal actions do not involve the same issues, *see supra* at 1219, these reasons cannot justify the stay order.

decided without the objectionable discovery. Terra Nova could not obtain a declaration that it had no duty to defend 900 Bar based on the pleadings in the underlying actions. Thus, it was unable to establish its claimed right to a declaratory judgment under applicable Pennsylvania law. We will therefore vacate the district court's order staying Terra Nova's claim to a declaration that it has no duty to defend and direct the district court, on remand, to dismiss it.

## VI.

Finally, we turn to the stay as it affects Terra Nova's duty to indemnify. Terra Nova argues that, as with the duty to defend, the duty to indemnify can be determined without inquiry into the facts of the underlying actions. Accordingly, Terra Nova claims that the district court's stay as to the duty to indemnify until the state court actions conclude was an abuse of discretion.

▮ Ordinarily, we would first have to satisfy ourselves that we have jurisdiction to review this aspect of the district court's order, as we did with respect to the duty to defend. If we determined we lacked jurisdiction, the stay would remain in effect with respect to the duty to indemnify. A conclusion that we had jurisdiction would necessitate an inquiry into whether the stay with respect to that duty was an abuse of discretion.

It is not clear that the stay with respect to the duty to indemnify satisfies the collateral order doctrine. The stay does prevent Terra Nova from obtaining a declaratory judgment on this issue before the completion of the state court suits. This delay certainly reduces the attractiveness of the declaratory remedy, but it does not necessarily mean that Terra Nova will be unable to secure a meaningful declaratory judgment.

The duty to indemnify appears to stand on a somewhat different footing than the duty to defend. If Terra Nova defends with a reservation of rights, it suffers no prejudice with respect to its disclaimer of the duty to indemnify. That issue will remain live even after the state court actions conclude. The delay in resolving the duty to indemnify does not destroy the utility of declaratory relief in the same way that a delay in resolving the duty to defend does.

If, for example, the state actions are settled—a possibility that may be less likely given the uncertainty regarding who will bear the financial burden—the indemnity question will still require resolution. The same is true if all theories are presented to the state court juries and the cases are determined by general verdicts. Similarly, if the underlying actions establish that Walker and 900 Bar were negligent and that Walker did not commit an assault and battery, the declaratory judgment action may be resumed. Terra Nova's theory is that regardless of whether Walker's alleged actions were technically an assault and battery, they are not covered by the policy because they *arose* from an assault and battery.

On the other hand, the state suits may establish that Walker committed an assault and battery and that this was the direct cause of any injuries. If so, his actions would fit the exclusionary language and the key issue in the declaratory judgment action would be resolved favorably to Terra Nova. If the state suits establish that there was no assault and battery, the exclusion would not apply to defeat coverage. While the declaratory judgment action would then be moot, this factual scenario is inconsistent with Terra Nova's theory for declaratory relief—that it is clear from the pleadings that there was an assault and battery from which the injuries arose.

These possibilities also highlight the differences between this case and one involving truly parallel state and federal actions. Where identical cases between identical parties proceed in separate fora, resolution of one—even by settlement—necessarily precludes litigation of the other. A stay by a federal court in such a case is a refusal to adjudicate the merits.

▮ We find it unnecessary, however, to decide the jurisdictional question with

specific reference to the duty to indemnify. Terra Nova offers the same argument for vacating the stay with respect to the duty to indemnify and the stay with respect to the duty to defend. Looking solely to the state court pleadings, the duty to defend exists because Terra Nova may have to indemnify 900 Bar. Assuming we have jurisdiction, our holding on the duty to defend would compel rejection of Terra Nova's challenge to the stay of the duty to indemnify. Since Terra Nova disclaims any current desire to determine the facts in the state court actions, the potential duty to indemnify precludes a declaratory judgment at this time that it has no duty to indemnify. *See Pacific Indem. Co. v. Linn*, 766 F.2d 754, 766 (3d Cir.1985) ("duty to defend carries with it the conditional obligation to indemnify until it becomes clear that there can be no recovery within the insuring clause"). If the district court could have withheld declaratory relief because the facts so far developed in the state actions did not rule out coverage, it could also have stayed the actions pending development of the facts in the state court actions.[14]

Accordingly, whether or not we have jurisdiction to review the stay with respect to the duty to indemnify, that aspect of the district court's order must remain in effect.[15]

## VII.

In conclusion, we will dismiss appeal No. 88–1736 for lack of appellate jurisdiction. In so doing, we will grant in part 900 Bar's motion to dismiss. In appeal No. 89–1008, we hold that we have appellate jurisdiction and, on the merits, will vacate the order of the district court staying resolution of Terra Nova's duty to defend and remand to the district court with directions to dismiss this portion of the complaint and for further proceedings consistent with this opinion. The stay of the duty to indemnify is not affected by our disposition of the duty to defend.

NYGAARD, Circuit Judge, dissenting.

I respectfully dissent from the majority's holding that the stay order is an appealable final order, at least with respect to Terra Nova's duty to defend. In my view, the order fails to satisfy the first prong of the *Cohen* test; namely that the order conclusively determine the disputed question. I do not believe that the stay order moots the duty to defend the underlying state court action. No matter what the outcome is in

---

**14.** Terra Nova has challenged only the entry of the stay and not the scope of the district court's order.

**15.** Were we certain that Terra Nova had disclaimed any interest in declaratory relief based on developments in the state court actions, its potential liability on its promise to indemnify would compel the conclusion that the district court erred in staying the resolution of the duty to indemnify. In that case, the district court should have dismissed Terra Nova's undifferentiated request for a declaration of no coverage. We would then be required to decide the jurisdictional issue with respect to indemnity—if we had jurisdiction the action would be ended, and not merely stayed. On this record, however, we are not prepared to say that Terra Nova has wholly disclaimed any interest in a later declaratory judgment.

We note too that a dismissal based on the pleadings in the underlying action would not preclude Terra Nova from contesting a later proceeding brought to enforce the duty to indemnify. The situation might be otherwise if the district court granted 900 Bar summary judgment on its counterclaim for indemnification. Such a ruling based on the underlying actions would, of course, be premature at this time. If there is recovery in the state court actions, it may be on a theory to which the policy exclusion applies. 900 Bar's counterclaim, however, appears to be based on Terra Nova's alleged breach of contract and related theories. We express no opinion on these topics and 900 Bar has not argued that the counterclaim should proceed at this time.

Finally, in the district court Phillips and the Roanes asserted that the assault and battery exclusion was not effectively incorporated into the policy and 900 Bar raised various affirmative defenses. We express no opinion on these issues, which the district court may have to reach once the stay is lifted. In its complaint, Terra Nova alleges that it has no duty to defend or indemnify Walker because, apart from whether his conduct falls within the exclusion, he is not a named insured and is not otherwise covered by the policy. Terra Nova did not argue on appeal that this issue could be decided even if the district court's stay is otherwise proper. Accordingly, this issue was waived.

state court, the district court will have to decide whether Terra Nova had a duty to defend.

The stay at issue is sufficiently distinguishable from that found in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). *Moses H. Cone* dealt with the appealability of a stay pursuant to the doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In *Colorado River*, the Supreme Court held that in "exceptional circumstances", a district court may stay an action solely because of the pendency of similar litigation in state court. However, the stay of the question of whether Terra Nova has a duty to defend is not the equivalent of a stay issued pursuant to *Colorado River*. The relief sought in the declaratory judgment action, i.e. a declaration that Terra Nova does not have a duty to defend 900 Bar, has no relationship at all to the verdict on the state court claims. Pennsylvania law clearly states that the duty to defend the insured is an obligation separate and apart from the insurer's duty to provide coverage. *See Erie Ins. Exch. v. Transamerica Ins.*, 516 Pa. 574, 533 A.2d 1363, 1368 (1987). The duty to defend arises " 'whenever the complaint filed by the injured party may *potentially* come within the coverage of the policy.' " *Erie Ins. Exchange v. Transamerica Ins.*, 533 A.2d at 1368 (quoting *Gedeon v. State Farm Mutual Automobile Insurance Co.*, 410 Pa. 55, 188 A.2d 320 (1963) (emphasis in original)). Thus, the ultimate outcome of the state court action has no bearing on whether Terra Nova has a duty to defend.

With this in mind, I believe that *Moses H. Cone* is limited to situations involving a stay issued pursuant to the *Colorado River* doctrine. *See Schall v. Joyce*, 885 F.2d 101, 104–05 (3d Cir.1989) (*"Moses H. Cone* thus stands for the proposition that a non-tentative, final decision to stay federal litigation 'under *Colorado River*, abstention, or a closely similar doctrine' is immediately appealable under section 1291 where 'the object of the stay is to require all or an essential part of the federal suit to be litigated in a state forum.' ") (*quoting Moses H. Cone*, 460 U.S. at 10 n. 11, 103 S.Ct. at 934 n. 11). A *Colorado River* stay " 'necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case' because a district court may enter such an order only if it has full confidence that the parallel state proceeding will 'be an adequate vehicle for the complete and prompt resolution of the issues between the parties.' " *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988) (*quoting Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. at 943). Because the duty to defend is separate from the duty to provide coverage, the concerns expressed in *Moses H. Cone* are not involved in the instant case, since the stay order "cannot be expected to settle the matter for all time." *Gulfstream Aerospace Corp.*, 108 S.Ct. at 1137. Thus, the stay does not conclusively determine the disputed question of whether Terra Nova has a duty to defend.[1]

---

**1.** Since I believe that the holding in *Moses H. Cone* is limited to stays issued pursuant to *Colorado River*, it is also questionable whether the stay order satisfies the third prong of the *Cohen* test: whether the order is "effectively unreviewable" on appeal from a final judgment. *Moses H. Cone* held that a *Colorado River* stay satisfied the third part of the *Cohen* test because once the state court had decided the issues in litigation, the federal court must give that determination res judicata effect. *Moses H. Cone*, 460 U.S. at 12, 103 S.Ct. at 935. As I have already noted, under Pennsylvania law the issue of whether Terra Nova has a duty to defend is not dependent on the ultimate outcome of the pending state court action. Furthermore, I believe that the fact that Terra Nova entered an appearance on behalf of 900 Bar under a reservation of rights does not preclude Terra Nova from recovering the cost of providing a defense at the conclusion of the state court proceedings.